THE STATE OF OHIO, APPELLANT, *v.* REESER, APPELLEE.

[Cite as State v. Reeser (1980), 63 Ohio St. 2d 189.]

(No. 79-1354—Decided July 16, 1980.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Thomas J. Wagner,* for appellant.

*Mr. Richard C. Foote,* for appellee.

*Per Curiam.* The issue in this cause is whether it was reasonable for the trial court, pursuant to R. C. 2945.72(H), to extend appellee's date of trial four days beyond the time limit prescribed in R. C. 2945.71(C)(2) and (D). See *State* v. *Pudlock* (1975), 44 Ohio St. 2d 104, and *State* v. *Lee* (1976), 48 Ohio St. 2d 208.

R. C. 2945.71(C)(2) and (D) provide:

"(C) A person against whom a charge of felony is pending:

"* * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

"(D) For purposes of computing time under divisions (A), (B), and (C) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

R. C. 2945.72 provides further, in part:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

"* * *

"(H) * * *the period of any reasonable continuance granted other than upon the accused's own motion."

The continuance, as to prosecution of the case, was obviously necessary because the unavailable witness was the

chief witness for the state's case. The record, reflecting a previous continuance having been granted the prosecution on November 16, 1977, 12 days before the hearing date of November 28, 1977, because the witness was unavailable and the admission by the prosecution that no proceedings had been attempted to secure and insure the attendance of the witness, presents a strong conclusion that due diligence had not been exercised by the prosecution in preparing to commence this trial within the statutory time period (R. C. 2945.71[C][2] and [D] ). In a series of cases, this court has imposed upon the prosecution and the trial courts the mandatory duty of complying with R. C. 2945.71 through 2945.73. See *State* v. *Pudlock, supra; State* v. *Cross* (1971), 26 Ohio St. 2d 270. The noticeable lack of timely effort on the part of the prosecution flies in the face of this mandate and any continuance granted because of this circumstance cannot be classified as a "***reasonable continuance granted other than upon the accused's own motion." (R. C. 2945.72[H].) The setting of the trial for December 1 with full knowledge that it could not proceed on that day was an obvious ploy to undercut R. C. 2945.71 through 2945.73. Such a practice has been prohibited by this court. See *State* v. *Pudlock, supra.*

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, O'NEILL, SWEENEY and LOCHER, JJ., concur.

HERBERT and HOLMES, JJ., dissent.

O'NEILL, J., of the Seventh Appellate District, sitting for P. BROWN, J.