OPINION
Appellant Angel F. Curry appeals the judgment of the Licking County Municipal Court finding her guilty of driving while intoxicated (R.C. 4511.19) and speeding (R.C. 4511.21). On August 23, 1998, a trooper for the Ohio State Highway Patrol observed appellant, who was driving a 1997 Ford, drifting off the right-hand side of State Route 79 in Heath. The trooper further noticed appellant change lanes without signaling and nearly strike one of two vehicles she passed on the left. After clocking her speed at 61 m.p.h. in a 35 m.p.h. zone, the trooper effectuated a traffic stop. Appellant submitted to a breathalyzer test, which showed a concentration of 0.170 grams of alcohol per 210 liters of breath. Appellant initially pled not guilty. On August 24, 1998, appellant filed a demand for discovery and bill of particulars. The trial court, on September 25, 1998, set a trial date of November 2, 1998. On October 23, 1998, the State attempted a discovery response. The sequence of events is somewhat confusing, but the trial court file contains a faxed document captioned "RESPONSE TO DEFENDANT'S REQUEST FOR DISCOVERY, NOTICE OF EVIDENCE AND/OR BILL OF PARTICULARS" file-stamped on October 23, 1998. The faxed "signature" to this document reads "Harvey H. Shapiro by G. Green." The certificate of service, similarly "signed," states that a copy was placed in appellant's attorney's folder in the Licking County Municipal Court Clerk's Office. Appellant then filed a three-branch motion, dated October 28, 1998, requesting dismissal for the state's failure to comply with discovery, or, in the alternative, an order to compel discovery, as well as a request for an enlargement of time to file pre-trial motions. The trial court issued a judgment entry on November 3, 1998 granting a continuance of the trial without specifying a date. Moreover, the court cast doubt on the veracity of the October 23, 1998 certificate of service, and struck from the record the state's discovery response on the grounds that signatory Gary Green was not authorized to practice law. On November 4, 1998, the state again filed a discovery response, this time with Attorney Shapiro's original signature. On December 2, 1998, the trial court set a new trial date of February 8, 1999. However, on January 28, 1999, via written motion, the state moved to continue. The court found that the request was reasonable under R.C. 2945.72(H) and granted said continuance, setting a new date of April 19, 1999. One week before trial, on April 12, 1999, appellant filed a motion to dismiss on speedy trial grounds, which the court overruled. On the date of trial, appellant changed her pleas to "no contest." Upon the trial court's finding of guilty on both charges, she timely appealed and herein raises the following sole Assignment of Error:
THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S SPEEDY TRIAL MOTION. I
R.C. 2945.73 mandates that if an accused is not brought to trial within the time requirements of R.C. 2945.71 and 2945.72, the accused shall be discharged. The prosecution must strictly comply with R.C. 2945.71 and 2945.73. State v. Reeser (1980), 63 Ohio St.2d 189; State v. Rockwell (1992), 80 Ohio App.3d 157, 165. A defendant facing a first-degree misdemeanor is entitled to a trial within ninety days of his or her arrest or the service of summons. R.C. 2945.71(B)(2). Although authority exists for holding that a defendant's filing of a request for discovery tolls the speedy trial time under R.C. 2945.72(E) until the state files its response (see State v. Prather (July 10, 1995), Brown App. No. CA94-08-010, unreported; State v. Morrison (January 11, 1999), Warren App. No. 98-04-009, unreported; State v. Gee (June 2, 1994), Cuyahoga App. Nos. 64410, 64411, unreported), neither party asserts this position in the present appeal. Thus, we will not disturb the trial court's finding that seventy-one speedy trial days elapsed between the issuance of the summons and the original November 2, 1998 trial date. We next direct our focus to the ramifications of appellant's three-branch motion of October 28, 1998. Generally, continuances granted at defendant's request toll the speedy trial time under R.C. 2945.72(H). State v. Fields (1994), 97 Ohio App.3d 337; State v. Howard (1992), 79 Ohio App.3d 705,708. However, this Court has previously held: We find that it is well settled that it is the obligation of the State of Ohio to furnish discovery within the speedy trial statutory time and that the insistence of the accused that he be furnished discovery does not constitute "action of the accused within the meaning of paragraph E of R.C. 2945.72." State v. Cox (April 1, 1987), Holmes App. No. CA-367, unreported at 2; accord State v. Boone (April 10, 1989), Licking App. No. 3414, unreported.
In State v. Martin (August 13, 1996), Licking App. No. 96 CA 19, unreported, we faced a similar situation to the case sub judice. In that case, trial for defendant's (appellant's) three violations under R.C. Title 45 had originally been set for December 5, 1995. On December 4, 1995, the defendant filed a motion requesting the court to dismiss the citations due to the state's (appellee's) failure to respond to his October 26, 1995 request for discovery or, in the alternative, compel the state to comply with said request for discovery and grant defendant a continuance so as to review said discovery. On December 5, 1995, the trial court issued a judgment entry acknowledging appellee had failed to respond to defendant-appellant's discovery demand and continued the matter until February 5, 1996. Id. at 2. We concluded: For speedy trial purposes, we construe the above sequence of events as follows. We find December 4, 1995, (the day on which appellant filed his Motion) and December 5, 1995, (the day on which the trial court issued its Judgment Entry responding to said Motion) to be tolled pursuant to R.C. 2945.72(E). However, in light of appellee's failure to timely respond to appellant's discovery demand, appellant's express request for an order to compel, and the court's implicit issuance of said order, we find the period between December 6, 1995, and January 2, 1996, (the date on which appellee responded to appellant's discovery demand) to be chargeable to the State. To do otherwise would undercut implementation of the speedy trial statute. * * * Finally, we find the period between January 3, 1996, and February 5, 1996, to be tolled pursuant to R.C. 2945.72(H), in light of appellant's express request for a continuance in his December 4, 1995 motion. Id. at 4. (Emphasis added.)
Applying this approach to the present facts, and leaving undisturbed the parties' implicit stipulation that at least the period through November 2, 1998 should be counted as seventy-one chargeable speedy trial days, we find November 3, 1998 (the day on which the trial court responded to appellant's three-branch motion) to be tolled. However, since the state did not further delay in responding to discovery, unlike its languor in Martin, but instead filed its corrected response the next day, the only day further chargeable to the state is November 4, 1998. After that, the tolled period would have properly resumed in light of the request for continuance in appellant's aforementioned three-branch motion. While we certainly do not encourage sluggish discovery tactics by any litigant, the trial court has discretion to determine what sanction is appropriate when the state fails to disclose discoverable material. State v. Wiles (1991), 59 Ohio St.3d 71,78; State v. Parson (1983), 6 Ohio St.3d 442, 445. As this Court has noted before, under somewhat analogous circumstances, "[i]t was appellants' choice to seek a continuance so to review the state's response to discovery rather than seek an order from the court prohibiting the state from introducing in evidence the material not timely disclosed pursuant to Crim.R. 16(E)(3)." State v. Robinette (March 11, 1992), Licking App. No. CA 3715, unreported, at 4. Accordingly, we find no abuse of discretion in the trial court's decision to grant a continuance of the November 2, 1998 trial date rather than dismiss for delayed discovery. Our holding today, as in Martin, supra, will presumably motivate prosecutors to quickly cure discovery defects and delays brought to the court's attention, as ultimately did occur here. In that light, we find that the trial court did not violate appellant's right to a speedy trial under the facts of the instant case. For the reasons stated in the foregoing opinion, the decision of the Licking County Municipal Court, Licking County, Ohio, is affirmed. By: Wise, P.J. Gwin, J., concurs. Hoffman, J., dissents.