OPINION
Defendant-appellant, Mark W. Maxwell, appeals from a judgment of the Franklin County Court of Common Pleas whereby appellant was convicted of one count of compelling prostitution, five counts of disseminating matter harmful to juveniles, eight counts of pandering obscenity involving a minor, and one count of illegal use of a minor in a nudity-oriented material or performance.
Appellant was arrested by officers of the Worthington Police Department ("WPD") on August 20, 1998, as he left the Graeter's Ice Cream store in Worthington, Ohio. At the time of the arrest, appellant was charged with one count of attempted corruption of a minor.[1] Appellant posted a $75,000 bond in the Franklin County Municipal Court.
On June 14, 1999, appellant was indicted by the Franklin County Grand Jury for two counts of compelling prostitution, in violation of R.C. 2907.21;[2] nineteen counts of disseminating matter harmful to juveniles, in violation of R.C. 2907.31; ten counts of pandering obscenity involving a minor, in violation of R.C. 2907.321; and two counts of illegal use of a minor in a nudity-oriented material or performance, in violation of R.C.2907.323. Following a jury trial, as noted above, appellant was found guilty of one count of compelling prostitution, five counts of disseminating matter harmful to juveniles, eight counts of pandering obscenity involving a minor, and one count of illegal use of a minor in a nudity-oriented material or performance. The jury found appellant not guilty on eleven counts of disseminating matter harmful to juveniles and two counts of pandering obscenity involving a minor. Upon application of the prosecuting attorney, a nolle prosequi was entered as to one count of compelling prostitution, three counts of disseminating matter harmful to juveniles, and one count of illegal use of a minor in a nudity-oriented material or performance. The trial court revoked appellant's bond and sentenced appellant to serve a total of eighteen years in prison. Appellant was assessed a fine in the amount of $14,000, plus court costs. Following a September 14, 1999 hearing, the trial court found that appellant was a sexual predator.
Appellant appeals, raising ten assignments of error:
FIRST ASSIGNMENT OF ERROR
 COMPELLING PROSTITUTION (OHIO REVISED CODE SECTION 2907.21) AND PANDERING OBSCENITY INVOLVING A MINOR (OHIO REVISED CODE SECTION 2907.321), AS APPLIED TO THE CASE AT BAR AND ACTS INVOLVING COMPUTERS IN GENERAL, IS CONSTITUTIONALLY IMPERMISSIBLE AND VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AS WELL AS THE DUE PROCESS CLAUSE OF THE OHIO CONSTITUTION.
 SECOND ASSIGNMENT OF ERROR
 THE EVIDENCE PRESENTED BY THE STATE OF OHIO IN THIS MATTER IS INSUFFICIENT AS A MATTER OF LAW TO SUSTAIN APPELLANT'S CONVICTION UNDER OHIO REVISED CODE SECTION 2907.21, CONTAINED IN COUNT ONE.
 THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN DENYING HIS MOTION TO DISMISS PURSUANT TO THE SPEEDY TRIAL RULE.
 FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO ADEQUATELY INSTRUCT THE JURY AS TO THE CULPABLE MENTAL STATE REQUIRED FOR CONVICTION UNDER OHIO REVISED CODE SECTION 2907.321 AS TO COUNTS SEVEN, EIGHT, NINE, ELEVEN, TWELVE, THIRTEEN, FOURTEEN AND FIFTEEN.
 FIFTH ASSIGNMENT OF ERROR
 THE EVIDENCE PRESENTED BY THE STATE OF OHIO IN THIS MATTER IS INSUFFICIENT AS A MATTER OF LAW TO SUSTAIN APPELLANT'S CONVICTIONS UNDER OHIO REVISED CODE SECTION 2907.321(A)(6), AS TO COUNTS SEVEN, EIGHT, NINE, ELEVEN, TWELVE, THIRTEEN, FOURTEEN AND FIFTEEN.
 SIXTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S RULE 29 MOTION AS TO COUNT SEVENTEEN, CHARGING APPELLANT WITH ILLEGAL USE OF A IN OR IN A NUDITY ORIENTED MATERIAL OR PERFORMANCE CONTRARY TO OHIO REVISED CODE SECTION 2907.323.
 SEVENTH ASSIGNMENT OF ERROR
 THE EVIDENCE PRESENTED BY THE STATE IS INSUFFICIENT AS A MATTER OF LAW TO SUSTAIN APPELLANT'S CONVICTION UNDER OHIO REVISED CODE SECTION 2907.31, CONTINUED IN COUNT TWENTY-ONE.
 EIGHTH ASSIGNMENT OF ERROR
 THE COURT ERRED TO THE PREJUDICE OF APPELLANT IN FAILING TO INSTRUCT THE JURY ON COURSE OF CRIMINAL CONDUCT.
 NINTH ASSIGNMENT OF ERROR
 THE COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT IN FINDING HIM TO BE A SEXUAL PREDATOR, CONTRARY TO THE STATUTORY MANDATE.
 TENTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE TERMS FOR MULTIPLE COUNTS.
Appellant came to the attention of the WPD on August 20, 1998, when a person named Adam telephoned with information concerning a thirteen-year-old girl named Sarah Reidenbach of Worthington, Ohio in Franklin County. Based upon the information provided from Adam, officers contacted Sarah and her father, Frederick Reidenbach. The police learned from Sarah that she had been contacted, via the Internet, by appellant and that she had agreed to meet him at the Graeter's Ice Cream store in Worthington early that afternoon. Sarah disclosed to the police officers that she and appellant, who had identified himself as a nineteen-year-old male,[3] had discussed meeting for the express purpose of engaging in sexual relations. Sarah agreed to meet appellant at Graeter's while wearing a wire so that the police could tape-record her conversation with appellant. Sarah and appellant met at Graeter's and, during the conversation, Sarah brought up their prior discussions concerning going to a hotel room. During this conversation, appellant did not say anything of a sexual nature. Pursuant to the police officer's instructions, Sarah allowed appellant to leave Graeter's before she did. When appellant exited Graeter's, he was immediately arrested.
Following his arrest, the police obtained a search warrant for appellant's car and his apartment in Oxford, Ohio. In his car, the police found Sarah's name, telephone number, and information relating to their meeting at Graeter's. In his apartment, the police confiscated his computer.
A mirror image of appellant's computer's hard drive was made by a member of the FBI's computer analysis and response team. Numerous pictures and movies were discovered on the hard drive of appellant's computer, including the following which are relevant to this appeal: (1) SHOCKER.JPG, depicting a semi-naked male from the neck down with an erect penis; (2) KURIOS4C.GIF, depicting a male naked from the waist down; (3) ABBY00-1 and ABBY00-2, depicting a female who is naked in one picture and naked from the waist up in another picture; (4) HEATHER5.JPG, depicting a naked female in a bathtub with her breasts exposed; (5) 09FUCK.MPEG, depicting a close-up image of an erect penis inside a female's vagina; (6) SPE4-2.MPG, depicting a young female touching the vaginal area of another female; (7) 12BJ.AVI, depicting a young female holding a man's erect penis; (8) S1O.AVI, depicting a young female kneeling on the ground engaging in fellatio; (9) 6YROLD-1.AVI, depicting a young female engaging in fellatio; (10) CAROL.01.AVI, depicting a young female naked from the waist down with her legs spread apart engaging in fellatio; (11) !!!SUX.JPG, depicting a young female engaging in fellatio; (12) 13-4SHOT.JPG, depicting four different pictures of a young female engaging in fellatio and having sexual intercourse with a male; and (13) !!KISSIT.JPG, depicting a young female naked from the waist down lying on her stomach with her vaginal area exposed.
Evidence was presented at trial that appellant sent the "SHOCKER" image to Laura Tackis, who was fourteen years old at the time. The evidence also shows that appellant sent the "KURIOS4C" image to Kristen Rittenhouse, who was fourteen years old; to Jessi Richardson-Miller, who was sixteen years old; and to Krystle Carusone, who was fifteen years old. Appellant sent the pictures "ABBY00-1, ABBY00-2, and HEATHER5" to Stephen Hoyt, who was fifteen years old. With regard to the above five listed minors, appellant was convicted of disseminating matter harmful to juveniles. With regard to the photographs listed above numbered five through twelve, appellant was convicted of pandering obscenity. With regard to the picture listed above as number thirteen, appellant was convicted of the illegal use of a minor in a nudity-oriented material or performance.
Also introduced into evidence were copies of E-mail transmissions and instant messages ("IMs") between appellant and Sarah Reidenbach. The IMs between appellant and Sarah are sexual in nature and include the following: appellant telling Sarah that he is only nineteen years old; appellant asking Sarah if she gives good blow jobs; appellant attempting to send Sarah a naked picture of himself with an erect penis; appellant offering to meet Sarah in Worthington if she will give him a blow job; Sarah telling appellant that she is only thirteen years old; appellant asking Sarah what type of "tip" she would want from appellant if she was to give appellant a blow job; appellant offering to give Sarah "$100" as a tip; appellant asking if Sarah would allow him to see her naked; appellant asking Sarah how many blow jobs she has performed; appellant telling Sarah that he wants to perform cunnilingus on her; and appellant arranging to meet Sarah at Graeter's on June 20, 1998.
Copies of other IMs were introduced into evidence, which revealed portions of conversations which appellant had with other young females. Those IMs reiterate much of the same type of sexual conversation above-detailed between appellant and Sarah.
Turning to appellant's assignments of error, this court will first address appellant's speedy trial argument as found in appellant's third assignment of error, wherein appellant argues that the trial court erred in denying his motion to dismiss. As stated previously, appellant was arrested on August 20, 1998, and charged with attempted corruption of a minor. Appellant posted bond and was released. Thereafter, on June 14, 1999, some ten months after the initial arrest, appellant was charged with compelling prostitution in violation of R.C. 2907.21, which provides, in pertinent part, as follows:
(A) No person shall knowingly do any of the following:
* * *
 (2) Induce, procure, encourage, solicit, request, or otherwise facilitate a minor to engage in sexual activity for hire, whether or not the offender knows the age of the minor[.]
On July 8, 1999, appellant filed a motion to dismiss pursuant to the speedy trial rule and requested that the trial court dismiss all thirty-three counts of the indictment. The state argued that appellant had waived his right to a speedy trial and, ultimately, the trial court denied appellant's motion. Based upon a review of the record, the statute and the relevant case law, we determine that count one of the indictment should have been dismissed as hereinafter more fully explained.
R.C. 2945.71 provides, in pertinent part, as follows:
 (C) A person against whom a charge of felony is pending:
* * *
 (2) Shall be brought to trial within two hundred seventy days after his arrest.
As stated previously in this decision, the record is unclear as to the disposition of the original charge of attempted corruption of a minor, although it is apparent that appellant was never brought to trial on that charge. However, a review of the record demonstrates that the facts supporting the original charge of attempted corruption of a minor are the exact same facts upon which the state based its charge of compelling prostitution.
In State v. Bonarrigo (1980), 62 Ohio St.2d 7, 11, the Ohio Supreme Court held:
 * * * [W]here a prosecutor obtains a felony indictment, based upon the same conduct as was a previously nolled, lesser-included misdemeanor charge, the time within which the accused shall be brought to trial pursuant to R.C. 2945.71 et seq. consists of whatever residue remains from the 270-day period set forth in R.C. 2945.71(C) after deducting the speedy trial time expended prior to the nolle prosequi. * * *
In conformity with Bonarrigo, we conclude that the trial court erred when it denied appellant's speedy trial motion but only inasmuch as that motion applied to count one of the indictment, compelling prostitution, because the underlying acts supporting that charge were the exact same underlying facts supporting the original charge of attempted corruption of a minor. R.C. 2947.73 provides that, if the accused is not brought to trial within the time requirements of R.C. 2947.71, the accused shall be discharged. The state and prosecution must strictly comply with R.C. 2945.71 and 2945.73. State v. Reeser (1980), 63 Ohio St.2d 189. Appellant's trial date was clearly outside the time limit imposed and appellant did not execute a waiver for the relevant time period at issue.
As such, we conclude that count one of the indictment, compelling prostitution, should have been dismissed on speedy trial grounds. However, inasmuch as the remaining thirty-two counts involved information which the state gathered after appellant's arrest, and after the state confiscated his computer, the trial court properly overruled his motion to dismiss on speedy trial grounds.
A different standard applies to speedy trial issues involving pre-indictment delay. The United States Supreme Court noted in United States v. Lovasco (1977), 431 U.S. 783, that the pre-indictment delay resulting in actual prejudice to a defendant makes a due process claim concrete and ripe for adjudication. The court also made it clear that proof of actual prejudice, alone, will not automatically validate a due process claim, and that the prejudice suffered by the defendant must be viewed in light of the state's reason for that delay. Id. at 789-790. Based on Lovasco, appellant must first demonstrate that a lengthy pre-indictment delay resulted in actual prejudice to him and then appellant must show that the state has no justifiable reason for the delay.
In his Crim.R. 29 motion before the court, and in his brief before us, appellant has failed to assert any prejudice which resulted from the pre-indictment delay in the present case except for the fact that he eventually stood trial and was found guilty of those charges. Therefore, appellant has not made a showing of actual prejudice to him.
Furthermore, in Lovasco, the court noted that the government is not required to make charging decisions immediately upon assembling sufficient evidence to establish guilt. Such a requirement would preclude the government from giving full consideration to desirability of not prosecuting in particular cases. The state often needs information other than just proof of a suspect's guilt before deciding whether to seek an indictment.Id. at 794.
In the present case, the state needed time to process all of the information on appellant's hard drive and make arrangements with America On Line ("AOL"), appellant's internet service provider, to receive copies of his personal profile, his account information, his "buddy list," as well as other information, prior to indicting him on the remaining thirty-two counts. We conclude that appellant failed to demonstrate that the state's delay was unreasonable. As such, the trial court's decision to deny his motion to dismiss on speedy trial grounds as to the remaining thirty-two counts of the indictment is affirmed.
In sustaining, in part, appellant's third assignment of error, that portion of appellant's first assignment of error, which deals with appellant's conviction for compelling prostitution as well as his second assignment of error, are rendered moot. App.R. 12(A).
In his fifth assignment of error, appellant contends that the evidence presented by the state was insufficient as a matter of law to sustain his convictions under R.C.2907.321(A)(6). We agree.
The standard of review for the sufficiency of the evidence is well-established. In State v. Jenks (1991), 61 Ohio St.3d 259, the Ohio Supreme Court stated in paragraph two of the syllabus, as follows:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * *
Appellant was charged with ten counts of pandering obscenity involving a minor and was found guilty on eight of those counts. The specific section of R.C. 2907.321, under which appellant was convicted, provides, as follows:
 (A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:
* * *
 (6) Bring or cause to be brought into this state any obscene material that has a minor as one of its participants or portrayed observers.
In prosecuting appellant under this code section, the state relied exclusively upon the following argument in support of appellant having brought the picture images into the state of Ohio. The record indicates that appellant used AOL as his Internet service provider. AOL is located at 2200 AOL Way in Dullex, Virginia. According to Don Colcolough, the senior manager for Network Securities and Investigations at AOL, any time E-mail or IMs are sent or received by a subscriber to AOL, such as appellant, the messages sent or received leave the sender, travel through telephone wires to AOL in Virginia, and then leave Virginia and travel over telephone wires to the recipient. The same is true whenever an image, such as the picture images at issue, is concerned. In order for someone to download those images from the Internet and onto their computer, those images would first travel through the telephone lines to AOL in Virginia and then would travel to the recipient's computer.
In the present case, the state argues that appellant is guilty of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(6), because appellant brought the obscene images into the state of Ohio simply by virtue of the fact that those digital images traveled through the telephone lines to AOL in Virginia before they traveled to appellant's computer in Oxford, Ohio.
Under R.C. 2907.321, a person must have knowledge of the character of the material or performance involved; however, no culpable mental state is listed with regard to the element of bringing the material into the state of Ohio. R.C. 2901.21(B) provides that "[w]hen the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense." There is no indication in R.C. 2907.321 that the General Assembly intended to impose strict liability, so recklessness is the culpable mental state for a violation of the element of bringing the material into the state. According to R.C. 2901.22(C):
 A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
We have indicated that a person acts recklessly according to R.C. 2901.22(C) "when he is aware that there is a risk or chance that the prescribed result may occur, but he nevertheless chooses to engage in the act and runs the risk."State v. Edwards (1992), 83 Ohio App.3d 357, 361. Here, the state failed to present any evidence that appellant was aware that there was a risk that downloading these images from AOL would result in the pictures being brought into Ohio from outside the state. Thus, the state failed to meet its burden of establishing that appellant acted recklessly.
As such, we sustain appellant's fifth assignment of error. In so doing, that portion of appellant's first assignment of error, which involves R.C. 2907.321, is rendered moot. App.R. 12(A). We also render moot appellant's fourth assignment of error, which asserts that the trial court erred in failing to adequately instruct the jury as to the culpable mental state required for conviction under R.C. 2907.321, because of our disposition of appellant's fifth assignment of error. App.R. 12(A).
In his sixth assignment of error, appellant asserts that the trial court erred in overruling his Crim.R. 29 motion to dismiss count seventeen which charged him with illegal use of a minor in a nudity-oriented material or performance. Appellant asserts that the state did not prove that the image depicted "sexual conduct." We disagree.
Crim.R. 29 provides, in pertinent part, as follows:
 (A) * * * The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. * * *
A court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can come to different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v.Bridgeman (1978), 55 Ohio St.2d 261. The reviewing court shall consider the evidence in a light most favorable to the state.Jackson v. Virginia (1979), 443 U.S. 307.
The statute at issue is R.C. 2907.323, which provides, in pertinent part, as follows:
(A) No person shall do any of the following:
* * *
 (3) Possess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity * * *.
Appellant was charged with possessing or viewing the picture image "!!KISSIT.JPG" on the hard drive of his computer. As indicated previously, the above picture image depicted a young female laying on her stomach by some water with her skirt raised so that her vaginal area was exposed and occupied the central focus of the picture. Rick Ambugh, a member of the Ohio State University Police Department, who has special training in the area of computers, testified that he was given a copy of the mirror image of appellant's hard drive and was asked to access it. He testified that he also examined the hard drive of appellant's computer and was able to testify that there was no indication that any of the images, including the "!!KISSIT.JPG" image, had been deleted; in fact, he testified that there were indications that the images had not been deleted. Furthermore, Mr. Ambugh testified that a person cannot accidentally download files from the Internet. The fact that Mr. Ambugh testified that there were indications that the images had not been deleted is sufficient. Furthermore, there is no requirement that the images depict "sexual conduct."
As well, we reject appellant's contention that the jury is left to speculate about the age of the person in the "!!KISSIT.JPG" image. The trier of fact is capable of looking at the image and determining whether or not the female depicted in the image is a minor. Indeed, it appears that the jury acquitted appellant of two counts of pandering obscenity involving a minor, upon concluding that the females involved were not minors.Given the state of the record, we hold that the trial court correctly determined that the evidence was sufficient to withstand a motion for acquittal under Crim.R. 29. As such, appellant's sixth assignment of error is overruled.
In his seventh assignment of error, appellant argues that the evidence presented was insufficient to sustain his conviction, under R.C. 2907.31, as contained in count twenty-one of the indictment. We disagree.
R.C. 2907.31 provides, in pertinent part, as follows:
 (A) No person, with knowledge of its character or content, shall recklessly do any of the following:
 (1) Sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile any material or performance that is obscene or harmful to juveniles[.]
Count twenty-one charged that appellant sent Laura Tackis a copy of the "SHOCKER.JPG" picture depicting a male, naked from the neck down displaying an erect penis. Appellant argues that the "SHOCKER.JPG" image does not constitute an image depicting "sexual conduct." However, nothing in R.C.2907.31(A)(1) requires that the "SHOCKER.JPG" image must depict sexual conduct. Instead, the statute provides that no person, with knowledge of its character or conduct, shall recklessly provide, or present to a juvenile, any material that is obscene or harmful to juveniles. The record indicates that Laura Tackis was fourteen years old when appellant sent her the "SHOCKER.JPG" image. We find that there was sufficient evidence from which the jury could conclude that appellant recklessly provided or presented to Laura Tackis, a fourteen-year-old girl, a picture which he knew to depict a semi-naked male holding his erect penis. We find that the jury could reasonably conclude that such images should not be presented to children fourteen years of age and that the presenting of such evidence to a child of fourteen years is harmful to the child. As such, appellant's seventh assignment of error is overruled.
In his eighth assignment of error, appellant asserts that his convictions are invalid because the trial court never gave the jury an opportunity to decide that venue was proper in Franklin County, Ohio. We disagree.
Venue refers to the appropriate place of a criminal prosecution within the state of Ohio. State v. Williams (1988),53 Ohio App.3d 1, 5. Venue is a fact that must be proven beyond a reasonable doubt in criminal prosecutions unless the issue is waived by the defendant. State v. Beuke (1988), 38 Ohio St.3d 29,41; State v. Headley (1983), 6 Ohio St.3d 475, 477.
Venue need not be proven in express terms. Headley, at 477; State v. Gribble (1970), 24 Ohio St.2d 85, 89-90; State v.Dickerson (1907), 77 Ohio St. 34, paragraph one of the syllabus. Venue may be established by the totality of the facts and circumstances of the case. Headley, at 477; Gribble, at 89-90; Dickerson, at paragraph one of the syllabus.
R.C. 2901.12(H) governs venue in this case and states that, when an offender commits an offense in different jurisdictions as part of a course of criminal conduct, venue lies for all of the offenses in any jurisdiction in which the offender committed one of the offenses or any element thereof. Offenses involving the same victim or victims of the same type or from the same group is prima facie evidence of a course of criminal conduct. R.C. 2901.12(H)(1).
Here, appellant's charges arose out of his contact with minors throughout the state, including Franklin County, Ohio. Thus, the record establishes that appellant committed one of the alleged offenses in Franklin County, Ohio. As well, because the charges related to appellant's making sexually-oriented contact with minors throughout the state, appellant was involved in a course of criminal conduct as defined in R.C. 2901.12(H).
Thus, while the jury was not explicitly asked to decide the venue issue, the prosecution nonetheless established beyond a reasonable doubt that venue was proper in this case under R.C.2901.12(H). As such, we are not compelled to reverse appellant's convictions on grounds that the jury was not provided with an opportunity to decide venue. See State v. Perry (Dec. 23, 1993), Franklin App. No. 93AP-856, unreported (upholding a defendant's conviction where proper venue was not communicated to the jury, but, nonetheless, was established through the facts of the case). Accordingly, we overrule appellant's eighth assignment of error.
In his ninth assignment of error, appellant contends that the trial court erred in finding him a sexual predator. Because of our decision to reverse on nine of the convictions, this assignment of error is rendered moot. App.R. 12(A). Instead, upon remand, the trial court will have to redetermine, based upon the remaining convictions, the evidence of appellant's prior record, and other relevant information, whether or not he still can be found to be a sexual predator.
In his tenth assignment of error, appellant alleges certain sentencing errors. Because of our decision to reverse on nine of the convictions, this matter will also be remanded to the trial court for resentencing.
In summary, appellant's third assignment of error is sustained in part and overruled in part; as well, appellant's fifth assignment of error is sustained. Furthermore, appellant's first, second, fourth, ninth and tenth assignments of error are rendered moot. Finally, appellant's sixth, seventh and eighth assignments of error are overruled. Thus, the trial court's judgment entry of conviction is reversed as to counts one, seven, eight, nine, eleven, twelve, thirteen, fourteen and fifteen of the indictment as charged, and this matter is remanded to the Franklin County Court of Common Pleas for resentencing and a new hearing on the issue of whether appellant is a sexual predator.
 _____________________ KENNEDY, J.
BOWMAN, P.J., and DESHLER, J., concur.
[1] Appellant was never brought to trial on this charge. Whether the charge was ultimately dismissed or nolled by the state is unclear from the record.
[2] Count one of the indictment for compelling prostitution involved the same set of facts for which appellant was originally arrested and charged with attempted corruption of a minor.
[3] Appellant's date of birth is January 25, 1971. As such, appellant was actually twenty-seven years old.