OPINION
{¶ 1} Defendant John Johnson appeals a judgment of the Municipal Court of Licking County, Ohio, which convicted and sentenced him for one count of operating a motor vehicle under the influence of alcohol or a drug of abuse in violation of R.C. 4511.19, after appellant changed his plea from not guilty to no contest. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO DISMISS FOR LACK OF SPEEDY TRIAL."
 {¶ 3} Appellant changed his plea after the court overruled his motion to dismiss made on the grounds the State had not provided him with a speedy trial pursuant R.C. 2945.71. The statute requires the State to bring an accused to trial within 90 days after the date of his arrest where the defendant is charged with a first or second degree misdemeanor. The Revised Code also provides that time limits may be extended on any continuance granted on the accused's own motion, or any period for reasonable continuance granted other than on the accused's own motion, see R.C. 2945.72.
 {¶ 4} The parties concede 115 days expired between the time the State served appellant with a copy of the complaint until he was brought to trial.
 {¶ 5} When appellant was arrested, he informed the arresting officer his doctor had recently prescribed him a drug called Depakote. Appellant provided a urine sample to the arresting officer so it could be analyzed for the presence of alcohol and/or drugs of abuse. On December 4, 2001, in response to appellant's request for discovery, the State provided a copy of the results of a urinalysis which showed appellant did not have any of the substances tested for in his system. The State further indicated it would pursue further tests which would screen for bi-polar medications. The State also named a witness, Jim Ferguson, a toxicologist with the Franklin County Coroner's office.
 {¶ 6} The trial court set the matter for jury trial on January 10, 2002. On January 3, 2002, the State filed a motion to dismiss the driving while under the influence charges, alleging its expert, Jim Ferguson, had opined that Depakote did not meet the definition of a drug of abuse. The trial court overruled the motion and specifically rejected Ferguson's opinion. The trial court journalized the entry overruling the motion to dismiss on January 11, 2002.
 {¶ 7} On January 10, 2002, the date the case was set for trial, the State moved for a continuance of the trial date only after the trial court orally informed the parties it intended to deny the State's motion to dismiss. The State requested the continuance so it could test appellant's urine sample for the presence of Depakote. Appellant objected, but the court granted the continuance. The trial court re-scheduled the jury trial for January 24, 2002. On January 23, 2002, the State requested another continuance for the same reason, namely, to test appellant's urine sample for Depakote. The court continued the matter, until February 21, 2002.
 {¶ 8} On February 21, 2002, the parties appeared for trial. Appellant moved the court to dismiss the charges on the grounds that the State had not provided him with a speedy trial. When the court overruled the motion, appellant entered a plea of no-contest, and this appeal ensued.
 {¶ 9} Ohio's Speedy Trial statute codifies the constitutional guarantee of a speedy trial, State v. Pachay (1980), 64 Ohio St.2d 218. The statute imposes upon the State a mandatory duty to bring an accused to trial within the time specified. Once a defendant establishes a prima facia case that his speedy trial rights have been violated, the burden shifts to the State to demonstrate the time was properly extended pursuant to statute, State v. Butcher (1986), 27 Ohio St.3d 28.
 {¶ 10} Appellant argues the State's requests for continuances were not reasonable because the State had not been diligent in having his urine sample tested for Depakote.
 {¶ 11} In the motion to continue filed January 23, 2002, the State admitted appellant had informed the arresting officer he was taking a prescription medication on the day he was arrested. The State alleged it had attempted to contact the coroner's office on January 14, or 15, after learning the court had re-set the matter for January 24. The motion states the coroner's office assured the prosecutor's office it would not "take long" to test the urine and prepare a report. Although the coroner's office agreed Ferguson could testify as to the test results on January 24, there was an unexplained delay in delivering the urine for testing, and then a further unexplained "emergency" which prevented the timely test.
 {¶ 12} In State v. Reeser (1980), 63 Ohio St.2d 189, the Ohio Supreme Court held where the State is not diligent in securing the attendance of a necessary witness, a continuance is not reasonable.
 {¶ 13} We have reviewed the record, and it does not contain sufficient factual information to support the State's allegation it used due diligence and that the continuances were necessary. We find the State did not meet its burden of demonstrating it did not violate appellant's speedy trial rights.
 {¶ 14} The assignment of error is sustained.
 {¶ 15} For the foregoing reasons, the judgment of the Municipal Court of Licking County, Ohio, is reversed, and pursuant to App.R. 12, we enter final judgment of acquittal.
By Gwin, P.J., Farmer, J., and Edwards, J., concur.