OPINION
{¶ 1} Michael T. Lee is appealing a judgment from the Vandalia Municipal Court denying his motion to dismiss.
 {¶ 2} Lee was arrested on assault charges on February 10, 2003, following an altercation that occurred in a McDonald's parking lot. A trial was set in Vandalia Municipal Court for April 11, 2003. However, both witnesses for the State failed to appear, and the trial was continued. The trial court's entry on that date stated that the case was continued "at a time outside the normal time limits" in the "interests of justice." The trial was rescheduled for May 13, 2003. On that date, again, the State's witnesses failed to appear, and the trial court continued the case to June 2, 2003. Lee filed a motion to dismiss based upon a violation of his speedy trial rights. The motion was denied at trial.
 {¶ 3} Following a trial to the bench, Lee was convicted of assault in violation of R.C. 2903.13(A), sentenced to six months incarceration and fined $1,000. The trial court suspended the fine and all but thirty days of the jail sentence.
 {¶ 4} Lee now appeals the trial court's decision and his conviction, asserting one assignment of error.
 {¶ 5} "The trial court erred in overruling Defendant's motion to dismiss since the State violated Defendant's right to a speedy trial as set forth in R.C. 2945.71."
 {¶ 6} Lee claims that his speedy trial rights were violated because he was held in jail for 111 days before being brought to trial. Lee asserts that the time attributed to the State's April 11, 2003 continuance should not be tolled, because it was for an "indefinite" period of time and thus was "unreasonable." Furthermore, Lee contends that the trial court abused its discretion in failing to dismiss his charges, since the State requested the continuance and thus the time should be charged against the State. Although the continuances extending Lee's speedy trial time were at the State's request, the State maintains that they were "reasonable" under the statute.
 {¶ 7} Preliminarily, we note that the standard for reviewing claims of speedy trial violations is "whether the trial court's ruling is supported by the evidence or whether the court abused its discretion by making a finding manifestly against the weight of the evidence." State v. Humphrey, Clark App. No. 2002 CA 30, 2003-Ohio-3401, at ¶ 21. (Citations omitted.) "An abuse of discretion means more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Id.; citing Huffman v. Hair Surgeon, Inc.
(1985), 19 Ohio St.3d 83, 87, 482 N.E.2d 1248.
 {¶ 8} Pursuant to R.C. 2945.71, the State was required to bring Lee to trial within ninety days of his arrest since he was charged with a first degree misdemeanor and incarcerated from the date of his arrest until the date of his trial. See R.C.2945.71(B)(2) (first or second degree misdemeanor defendant must be brought to trial within 270 days of his arrest), and R.C.2945.71(E) (accused is entitled to three days credit for every one day he is confined in lieu of bail); State v. Singer
(1977), 50 Ohio St.2d 103, 105, 362 N.E.2d 1216.
 {¶ 9} Once a defendant establishes a prima facie case that his speedy trial rights have been violated, the burden shifts to the State to demonstrate that the statutory time limit was not exceeded because the time for trial was properly extended pursuant to the provisions of R.C. 2945.72. State v. Butcher
(1986), 27 Ohio St.3d 28, 500 N.E.2d 1368. Under R.C. 2945.72(H), the time within which an accused must be brought to trial may be extended by any period during which a reasonable continuance was granted other than upon the accused's own motion. See, also,State v. Rednour (Jan. 22, 1999), Greene App. No. 98 CA 25. The time limit under R.C. 2945.71 can be extended by a continuance requested by the prosecution if the record affirmatively demonstrates the necessity and reasonableness of the continuance.State v. McRae (1978), 55 Ohio St.2d 149, 153, 378 N.E.2d 476. One such reasonable ground for granting a continuance pursuant to R.C. 2945.72(H) is the unavailability of a key prosecution witness. State v. Saffell (1988), 35 Ohio St.3d 90, 91,518 N.E.2d 934.
 {¶ 10} Furthermore, as the Twelfth District has noted inState v. Adkins (2001), 144 Ohio App.3d 633, 641,761 N.E.2d 94, "When a witness fails to appear, a court does not abuse its discretion by extending the trial date beyond a prescribed time period if the prosecutor has used `due diligence' to ensure the attendance of the witness. State v. Reeser (1980),63 Ohio St.2d 189, 17 O.O.3d 117, 407 N.E.2d 25. The period within which a defendant must be tried is extended when a trial court grants a continuance under these circumstances. See [State v. Pate (July 5, 1996), Portage App. No. 95-P-0021]."
 {¶ 11} In this case, Lee was arrested on February 10, 2003. We do not count the day of arrest in his speedy trial calculations, thus time began to run on February 11, 2003. Statev. Steiner (1991), 71 Ohio App.3d 249, 250-251, 593 N.E.2d 368. The time ran from February 11, 2003 to April 11, 2003, the date on which the State requested a continuance due to two of its witnesses failing to show for trial. Up to this point, a total of sixty days had passed. Trial was rescheduled for May 13, 2003, thirty-two days later. At this point, a total of ninety-two days had passed since Lee's arrest.
 {¶ 12} We find that the underlying reasons for granting the State's continuance on April 11, 2003 were "reasonable" and did extend Lee's speedy trial time under R.C. 2945.71. The record reveals that on March 17, 2003, the State filed a subpoena requiring the presence of the two witnesses at the April 9, 2003 trial, thus due diligence was exercised on behalf of the State to secure the witnesses' presence. In consideration of the time in which the speedy trial period was tolled as a result of this "reasonable" continuance, Lee's case was set for trial within the ninety-day limit and the trial court did not abuse its discretion in denying Lee's motion to dismiss.
 {¶ 13} Incidentally, we find no merit in Lee's argument that this continuance was unreasonable because the trial court "indefinitely" continued the trial, as an order setting a new trial date of May 13, 2003 was filed three days after the journalization of the April 11, 2003 continuance entry.
 {¶ 14} Accordingly, we overrule Lee's assignment of error and find that the trial court's continuation of the trial extended the time period within which the State was required to try Lee.
 {¶ 15} The judgment of the trial court is affirmed.
Fain, P.J., concurs.