DECISION AND JUDGMENT ENTRY
{¶ 1} Jacob Angus ("Appellant") appeals his conviction for two counts of misdemeanor assault in the Chillicothe Municipal Court. He argues that the trial court erred when it denied his motion to dismiss on speedy trial grounds. Because we find that the trial court improvidently granted the State's ("Appellee") motion for a continuance, we accordingly vacate its decision denying the Appellant's motion to dismiss on the grounds of a violation of his speedy trial rights and remand the case for action consistent with this opinion.
 I. Facts {¶ 2} On February 5, 2005, the Appellant attended a party at his neighbor's apartment. The Appellant engaged in a physical altercation with two other partygoers, and was subsequently arrested and charged on February 7, 2005, with two counts of misdemeanor assault. The Appellant did not at any time waive his right to a speedy trial. The trial court set both a trial date and a pretrial date within the statutory limits of the revised code. The Appellant requested a continuance of the pretrial, due to unavailability of counsel. On the Appellant's motion, the pretrial was continued for 16 days. At the pretrial hearing on April 29, 2005, the parties discussed the case, and the court did not change the previously scheduled trial date of May 3, 2005.
 {¶ 3} On May 2, 2005, the Appellee filed a motion to continue on the grounds that an essential witness, victim Chris Carper ("witness") was in South Carolina, and therefore was unable to attend. The trial court granted the Appellee's motion and continued the trial to May 17, 2005. On May 16, 2005, the Appellee filed another motion to continue, because its witness was detained in South Carolina in a juvenile detention facility and would be so detained until November 2005. On May 17, 2005, the court granted the Appellee's motion and continued the trial to November 15, 2005.
 {¶ 4} The Appellant opposed the Appellee's motion to continue, and filed a motion to dismiss on speedy trial grounds. The trial court held a hearing on the Appellant's motion on July 20, 2005, and denied the motion on July 25, 2005. At a pretrial hearing on November 14, 2005, the Appellant entered a plea of no contest to the charge as alleged in the complaint, and was found guilty. The Appellant now appeals the judgment of the trial court, asserting the following assignment of error:
 {¶ 5} 1. THE TRIAL COURT ERRED WHEN IT DENIED MR. ANGUS' MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS, IN VIOLATION OF ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION, AND R.C.2945.71(B).
 II. Denial of Motion to Dismiss on Speedy Trial Grounds {¶ 6} The Appellant argues that the trial court erred when it denied the Appellant's motion to dismiss based on a speedy trial violation. Appellate review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. See, e.g.,State v. Pinson, Scioto App. No. 00CA2713, 2001-Ohio-2423;State v. Kuhn (June 10, 1998), Ross App. No. 97CA2307,1998 WL 321535; State v. Pilgrim (Jan. 28, 1998), Pickaway App. Nos. 97CA2 and 97CA4, 1998 WL 37494. We accord due deference to the trial court's findings of fact if supported by competent, credible evidence. However, we independently review whether the trial court properly applied the law to the facts of the case. See, e.g., Kuhn; Pilgrim; State v. Woltz (Nov. 4, 1994), Ross App. No. 93CA1980, 1994 WL 655905. Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. See Brecksville v. Cook, 75 Ohio St.3d 53, 57, 1996-Ohio-171,661 N.E.2d 706; State v. Miller (1996), 113 Ohio App.3d 606,608, 681 N.E.2d 970; State v. Cloud (1997),122 Ohio App.3d 626, 702 N.E.2d 500.
 {¶ 7} The operative statutes in the case sub judice are codified at R.C. 2945.71 through 2945.73. R.C. 2945.71 outlines the time within which a hearing or trial must be held. It provides, in section (B)(2):
(B) Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:
(2) Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.
(Emphasis added). The assault charges levied against the Appellant were first degree misdemeanor charges. Therefore, the speedy trial time frame was ninety days, as provided in R.C.2945.71(B)(2).
 {¶ 8} In order to obtain an extension of the time within which a hearing or trial must be held, the requesting party must demonstrate one of the circumstances listed in R.C. 2945.72(A) through (I). In the case sub judice, the trial court granted the Appellee an extension pursuant to R.C. 2945.72(H), which states that the time within which an accused must be brought to trial may be extended by "* * * the period of any reasonable continuance granted other than upon the accused's own motion[.]" The Appellant contends that the continuance the trial court granted was unreasonable, pursuant to State v. Reeser (1980),63 Ohio St.2d 189, 407 N.E.2d 25, in that the Appellee did not exercise due diligence to ensure the attendance of its chief witness. The Appellant argues that the Appellee presented no evidence that it attempted to secure the witness' testimony, either by requesting the trial court judge to issue a certificate to summon the witness from South Carolina, or by attempting to secure the witness' deposition testimony, before the Appellant's speedy trial deadline had passed.
 {¶ 9} The only evidence supporting the notion that the Appellee attempted to obtain the witness' testimony prior to the speedy trial deadline exists in the form of residence-delivered subpoenas issued beginning on March 28, 2005. Although those subpoenas were issued prior to the speedy trial deadline, we do not feel that the service of such residence-delivered subpoenas meets the due diligence requirement enunciated in Reeser,
supra.
 {¶ 10} In Reeser, supra, the Supreme Court of Ohio held that when the prosecution fails to use due diligence to ensure the attendance of its chief witness, a continuance granted because of his or her absence is not reasonable under R.C.2945.72(H). In the case sub judice, the Appellee had two available options outside of a continuance that would have allowed it to secure its witness' testimony and comply with the speedy trial guideline. First, R.C. 2939.27 provides that a material witness in a criminal case may be summoned from another state, via certificate issued by a judge of the court of record where the prosecution is pending. Further, if a material witness is incarcerated in another state, the witness may be transported into Ohio to testify at state expense. See 1974 Ohio Atty.Gen.Ops. No. 74-101. In light of such allowances, the Appellee could have moved the trial court for a certificate so that its material witness would be available for trial.
 {¶ 11} Second, Crim.R. 15(A) provides that if a necessary witness is unable to attend, or is prevented from attending a trial or hearing, the prosecutor may move for an order that the witness' testimony be taken by deposition. The Appellee in the case at hand failed to file a motion to procure such an order. Because the Appellee chose not to invoke either of the aforementioned procedures, and, notably, attempted to secure its witness' testimony prior to the speedy trial deadline only by means of residence-delivered subpoenas, we find that it did not act with due diligence to ensure that its witness was available.
 III. Conclusion {¶ 12} In light of the Appellee's failure to act with due diligence to secure its witness' testimony prior to the speedy trial deadline, we find that trial court unreasonably granted the Appellee's request for a continuance, and therefore improperly denied the Appellant's motion to dismiss the case on the grounds of a speedy trial violation. Accordingly, we vacate its decision and remand with instructions to dismiss the case with prejudice.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. Kline, J.: Concur in Judgment and Opinion.