OPINION
{¶ 1} Defendant-appellant Todd D. Giffin appeals from his conviction and sentence for misdemeanor Assault. Giffin contends that the trial court erred in overruling his motion to dismiss the charge against him upon statutory speedy trial grounds, under R.C. 2945.71, et seq. We conclude that the trial court had reasonably *Page 2 
continued the trial date, at the State's motion, by entry filed before the running of the speedy-trial time, setting forth the reason for the continuance, and that the continuance of the trial resulting therefrom was reasonable. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} On February 5, 2007, Giffin was charged with Assault upon Brian Chicoine, a minor. Trial was set for April 25, 2007. Linda Chicoine, the complaining witness's mother, was served with a subpoena duces tecum, requiring her to produce Brian, the complaining witness, for the trial on April 25th. On that date, the State orally moved for a continuance, upon the ground that Linda Chicoine had called the prosecutor and reported that she would not be able to drive her 15-year-old son to court due to a medical condition.
 {¶ 3} The trial court granted the State's motion for a continuance. The continuance was memorialized by entry filed on April 27, 2005, the entire text of which is as follows:
 {¶ 4} "This matter is before the Court on the Motion for Continuance filed herein by TURRELL, CLAUDIA J, Assistant Prosecuting Attorney, and it appearing that the Trial in this matter must be continued at a time outside of the normal time limits required for Trial for the reason that the arresting officer/witness is unavailable. The Court finds that resetting the Trial under these circumstances is in the interest of justice.
 {¶ 5} "IT IS, THEREFORE, HEREBY ORDERED that the Trial scheduled for 04-25-07 at 02:30PM be and is hereby continued." *Page 3 
 {¶ 6} This entry was signed by the trial judge.
 {¶ 7} On May 8, 2007, an entry was filed setting a trial date of June 5, 2007.
 {¶ 8} On June 5th, the day set for trial, Giffin orally moved to dismiss the charge upon statutory speedy-trial grounds. An evidentiary hearing was held on the motion, following which the trial court overruled the motion.
 {¶ 9} Giffin was subsequently tried, convicted, and sentenced for misdemeanor Assault. From his conviction and sentence, Griffin appeals.
 II {¶ 10} Giffin's sole assignment of error is as follows:
 {¶ 11} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS FOR FAILING TO PROVIDE THE DEFENDANT WITH A SPEEDY TRIAL."
 {¶ 12} Giffin argues that under R.C. 2945.71 et seq., the speedy-trial statute, he should have been brought to trial by not later than May 7, 2007, the preceding day, which would normally be the last day for trial, having been a Sunday. He contends that his speedy-trial time was not tolled, because an entry of continuance, with the reasons therefor, was not filed before the expiration of the speedy-trial time, as required byState v. Mincy (1982), 2 Ohio St.3d 6.
 {¶ 13} An entry continuing the trial date was filed on April 27, 2007, which, by Giffin's own reckoning, was before the speedy-trial time ran out. That entry reflects that it the continuance was granted for the reason that "the" witness was unavailable. Brian Chicoine, the alleged victim of the assault, was obviously the key witness, and his mother had informed the prosecution that she would be unable to bring her fifteen-year-old son to *Page 4 
trial due to a medical condition that prevented her from driving. We have no difficulty in concluding that the continuance of the trial was for a valid reason, and that the continuance, and the reason therefor, was entered before the expiration of the speedy-trial time.
 {¶ 14} Giffin contends that a trial court, in an entry continuing a trial date, may not continue it indefinitely, but must continue it to a date certain. He relies upon State v. Reeser (1980), 63 Ohio St.2d 189,407 N.E.2d 25, for this proposition, but we find no support therein for the proposition. In that case, one continuance, within the speedy-trial time, had already been granted to the State to obtain the attendance of a witness from out of state. On the newly-scheduled trial date, the State, which had done nothing to secure the attendance of the out-of-state witness, again asked for a continuance. The trial court continued the matter for trial until the last possible day, knowing that it would not be possible to proceed with trial on that date, due to the court's schedule. On the phantom date set for the trial, the trial court continued the trial until a later date, due to the fact that it was in trial on another case.
 {¶ 15} The Supreme Court of Ohio ignored the last continuance, since it was necessitated by a circumstance that was known at the time of the previous continuance. The Supreme Court found that the preceding, second continuance was unreasonable, because the State had not acted with due diligence to secure the appearance of the out-of-state witness, which had occasioned the first continuance.
 {¶ 16} In the case before us, by contrast, the State had subpoenaed Brian Chicoine's mother, commanding her to bring her fifteen-year-old son to the trial. There is nothing in this record to suggest that the State acted with less than reasonable diligence. *Page 5 
 {¶ 17} We are not aware of any authority to support Giffin's contention that a timely entry continuing a trial for a legitimate reason must be to a date certain. Although it is not clear that it matters, in this case both the entry continuing the original trial date (with the reason therefor) and the subsequent entry setting the new trial date were filed within the statutory speedy-trial time. In our view, this satisfies the requirement, under State v. Mincy, supra, that the continuance, and the reason therefor, be entered upon the trial court's journal before the expiration of the speedy-trial time.
 {¶ 18} The only remaining issue is whether the resulting continuance of the trial is reasonable. In this case, the trial, which was originally scheduled within the statutory speedy-trial time, was re-scheduled to commence 41 days after the original trial date, and 30 days after the expiration of the speedy-trial time. In our view, this is a reasonable continuance.
 {¶ 19} Giffin's sole assignment of error is overruled.
 II {¶ 20} Giffin's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and DONOVAN, JJ., concur.
Copies mailed to:
Joe Cloud
Charles L. Grove
 Hon. Cynthia M. Heck *Page 1