The STATE of Ohio, Appellee,

v.

EDWARDS, Appellant.

[Cite as *State v. Edwards* (1992), 83 Ohio App.3d 357.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–72.

Decided Oct. 29, 1992.

*Michael Miller*, Franklin County Prosecuting Attorney, and *Steven L. Taylor*, Assistant Prosecuting Attorney, for appellee.

*Philip T. Churchill*, Franklin County Public Defender, and *John Keeling*, Assistant Public Defender, for appellant.

WHITESIDE, Judge.

Defendant-appellant, Anthony Edwards, appeals from his conviction of one count of felonious assault. Defendant raises the following assignment of error:

"The trial court erred when it entered a judgment of conviction against the defendant for felonious assault when the evidence was insufficient to establish beyond a reasonable doubt that the defendant knowingly caused serious physical harm to another."

On May 15, 1991, at approximately 5:30 p.m., Michael Salrin and Jesse Segna were traveling westbound on Fifth Avenue in Salrin's two-seater convertible Fiat Spider with the top down. Salrin's right lane was ending, and he needed to merge left into traffic. Defendant and Andrew Bateman were passengers in a blue car then located in the left lane. Apparently not wanting Salrin to merge in front of him, Andrew Bateman threatened that he would fight Salrin if he did so. Salrin merged one or two cars ahead of the car in which defendant and Bateman were riding.

A few moments later, it being rush hour, traffic stopped bumper-to-bumper. Bateman and defendant exited the blue car and approached Salrin's Fiat. Bateman began punching Salrin and Segna. The victim's testimony is unclear as to whether defendant participated or stood off to the side, but Salrin suffered no apparent injury at this time. When traffic began moving, Bateman and defendant returned to the blue car.

Moments later, traffic stopped again. Bateman and defendant exited the blue car a second time. This time both Bateman and Edwards began punching Salrin and Segna. Eyewitnesses indicated a third person came back the second time, sat on the hood of the Fiat, and broke the windshield. He apparently was not directly involved in the attacks on the occupants of the Fiat.

By his only assignment of error, defendant contends that the evidence presented at trial was insufficient to support a conviction for felonious assault. Defendant bases this contention on three different grounds: (1) the evidence failed to establish that serious physical harm was inflicted as opposed to just physical harm; (2) the evidence failed to establish that defendant knowingly intended to cause serious physical harm as opposed to just physical harm; and (3) the evidence failed to establish that defendant caused the injuries complained of.

R.C. 2903.11, the felonious assault statute, provides in relevant part that: "No person shall knowingly: (1) Cause serious physical harm to another[.]" Thus, the state had the burden of proving beyond a reasonable doubt that defendant knowingly caused serious physical harm to Salrin.

■ Defendant argues that the state failed to establish that "serious physical harm" was inflicted. He contends that the evidence supports only a finding of "physical harm" as opposed to "serious physical harm."

"Serious physical harm" is defined in R.C. 2901.01(E) as:

"(1) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

"(2) Any physical harm which carries a substantial risk of death;

"(3) Any physical harm which involves some permanent incapacity, whether partial or total, or which involves some temporary, substantial incapacity;

"(4) *Any physical harm which involves some permanent disfigurement,* or which involves some temporary, serious disfigurement;

"(5) Any physical harm which involves acute pain of such duration as to result in substantial suffering, or which involves any degree of prolonged or intractable pain." (Emphasis added.)

The evidence indicates that subsection (4) is the only paragraph relevant to this case.

■ In *State v. Darden* (Apr. 1, 1992), Lorain App. No. 91CA005131, unreported, 1992 WL 67591, the victim was punched in the face by the defendant. The victim fell to the ground and, as a result, had a cut on his chin and suffered cartilage dislocation in his ear. The defendant contended that the small scar received as a result of the attack did not constitute "serious physical harm." The court stated that, "[p]ursuant to R.C. 2901.01(E)(4), serious physical harm is 'any physical harm which involves some permanent disfigurement, or which involves some temporary, serious disfigurement.'" *Darden, supra.* The court pointed out that R.C. 2901.01 distinguishes "permanent disfigurement" from "temporary (serious) disfigurement," in that the "serious" requirement applies only to "temporary disfigurement." Therefore, assaults which result in permanent disfigurement do not require the state to prove that the permanent disfigurement is also serious.

The record reveals that Salrin received one scar as a result of the assault. He received a two-centimeter cut above his right eyebrow, which resulted in a permanent scar. The other wound was the reopening of a one-centimeter scar on his forehead, which he had received three months earlier in an automobile accident. Salrin received a total of twenty-three stitches as a result of the attack. In light of this evidence, a jury could reasonably find Salrin sustained some permanent disfigurement constituting "serious physical harm" as defined in R.C. 2901.01(E)(4).

■ Second, defendant argues that the state failed to establish that defendant "knowingly * * * [c]ause[d] serious physical harm to another." Defendant asserts that he was merely reckless.

The *mens rea* for felonious assault is "knowingly." R.C. 2901.22(B) provides that:

"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

■ A defendant acts knowingly when, although he may be indifferent to the result, he is nevertheless aware that the result may occur. A defendant acts recklessly according to R.C. 2901.22(C) when he is aware that there is a risk or chance that the prescribed result may occur, but he nevertheless chooses to engage in the act and runs the risk. It is therefore a person's perception of the likelihood of the result that is the key in differentiating between "knowingly" and "recklessly." If the result is probable, the person acts "knowingly"; if it is not probable but only possible, the person acts "recklessly" if he chooses to ignore the risk.

In this case, defendant participated in, or at least witnessed, the first attack on Salrin and Segna. Eyewitnesses testified that defendant raised his arms in celebration after the first attack. Defendant then participated in the second attack in which he and Bateman punched both Salrin and Segna. Here, again, a jury could reasonably conclude that defendant knowingly participated both in the first and second attacks with knowledge that serious physical harm was a likely result because of the nature of the repeated blows to the face of Salrin.

■ Defendant also argues that the state failed to demonstrate that defendant, as opposed to Bateman, caused the injuries to Salrin. Further, defendant contends that the evidence is insufficient to establish that defendant aided and abetted Bateman in any manner.

The trial court instructed the jury that defendant could be convicted as an aider and abettor or as a principal. The record reveals that the jury could have reasonably concluded beyond a reasonable doubt that defendant was guilty under either theory.

In *State v. Pruett* (1971), 28 Ohio App.2d 29, 57 O.O.2d 38, 273 N.E.2d 884, the court stated that complicity "may be inferred from presence, companionship and conduct before and after the offense is committed." Testimony in this case indicates that Bateman and defendant approached Salrin's car together. Defendant participated with Bateman in the first attack on Salrin and Segna. As

mentioned previously, several witnesses testified that defendant raised his hands in celebration after the first attack. Bateman and defendant returned to the blue car together, but only moments later the two returned to Salrin's car, again, together. Both hit Salrin and Segna and as one eyewitness observed, "there was [sic] so many fists flying around you really couldn't pick out whose fists went with who [sic]." It was reasonable for the jury to conclude beyond a reasonable doubt that defendant and Bateman were acting in concert with one another and, as such, are fully responsible for any harm caused by the other.

Since a reviewing court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all elements of an offense have been proven beyond a reasonable doubt, defendant's assignment of error is not well taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PETREE and DESHLER, JJ., concur.