JOURNAL ENTRY and OPINION
Appellant Joyce Williams, a minor, appeals from the juvenile court's finding her delinquent for an act which would constitute felonious assault if committed by an adult. Williams contends that the court's finding was not supported by sufficient evidence. We find no merit to the appeal and affirm.
A complaint charging Williams, age fifteen, with one count of felonious assault, if committed by an adult, was filed in juvenile court. The matter proceeded to trial with the following evidence presented.
The victim, Kimberly Smith, testified that she was hosting her daughter's first-year birthday party when Williams ran into her house and stated that "Letrina's tripping." Letrina and Williams had been arguing outside, but at that point, Letrina also came into Smith's home. They continued to argue and Williams picked up the knife next to the birthday cake — a bone-cutting knife with a four-inch blade.
Smith saw her child approaching Williams, so she told Williams to put down the knife. Williams ignored her plea and continued arguing with Letrina while waving the knife. According to Smith, Williams was trying to "swing" the knife at Letrina who was about four and one-half feet away from Williams. Smith testified that Williams told Letrina, "I'm not going to fight you fair." (TR. at 9). As Williams was waving the knife at Letrina, she cut Smith's finger. Smith had positioned herself between Williams and Letrina with her hands held in front of Williams because she did not want the child to be injured.
Williams did not immediately release the knife after she injured Smith. Smith's mother, however, was able to persuade Williams to hand over the knife after several minutes of coaxing. Smith described the cut as almost completely severing her middle finger. According to Smith, if she had not been injured, she believes that Williams would have gone after Letrina with the knife. Allison Smith, the victim's mother, corroborated the victim's testimony.
Officer Schubert testified that he took Williams' written statement in which she stated that she picked up the knife to defend herself and that she accidentally cut the victim when the victim tried to grab the knife from her.
Carita Gooden testified on behalf of Williams and stated that she heard Smith tell Williams to put down the knife and then she saw Smith grab the knife. Gooden did not observe Williams make a "stabbing" or waving motion with the knife toward Smith or Letrina.
Tamela Washington also testified on behalf of Williams and stated that Smith told Williams to give her the knife and was holding onto Williams' wrist. According to Washington, as Williams "yanked" her arm back, she accidentally cut the victim. Washington admitted that Williams picked up the knife to "go after" Letrina.
Based on the above evidence, the trial court found Williams delinquent and placed her on probation. Williams appeals, raising the following assignment of error:
 I. THE TRIAL COURT VIOLATED JOYCE WILLIAMS' RIGHT TO DUE PROCESS UNDER THE 5TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION AND JUVENILE RULE 29(E)(4) AND (F)(1) IN DENYING HER MOTION FOR ACQUITTAL MADE AT THE CLOSE OF THE STATE'S CASE AND AT THE END OF ALL THE EVIDENCE AS THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE AS TO THE ELEMENT OF KNOWINGLY CAUSE OR ATTEMPT TO CAUSE PHYSICAL HARM.
Williams contends that the adjudication finding her delinquent was not supported by sufficient evidence because there was no evidence that she "knowingly" committed the offense.
The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus:
 Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.
See, also, State v. Apanovitch (1987), 33 Ohio St.3d 19, 23; State v.Davis (1988), 49 Ohio App.3d 109, 113. Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, in which the Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia
[1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)
Felonious assault is defined in pertinent part pursuant to R.C. 2903.11
as:
 (A) No person shall knowingly do either of the following:
 (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.
The definition of "knowingly" is contained in R.C. 2901.22(B) which provides that "a person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." A defendant, therefore, acts knowingly, when, although not intending the result, he or she is nevertheless aware that the result will probably occur. State v. Edwards (1992),83 Ohio App.3d 357, 361.
The victim testified that Williams was waving the knife in an attempt to "swing" it at Letrina. Waving or swinging a knife, while a person is standing directly in front of you with hands outstretched, supports the inference that Williams acted knowingly when she cut Smith. Williams should have been aware that such behavior would probably cause injury.
Although there was testimony that Smith grabbed the knife and that Williams was not waving it, the credibility of the witnesses is for the trier of fact to determine. State v. Thomas (1982), 70 Ohio St.2d 79.
Williams' sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Juvenile Court Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and KENNETH A. ROCCO, J. CONCUR