OPINION
{¶ 1} David L. Welch, Jr., ("appellant") appeals the Dec. 20, 2001 judgment entry of the Mentor Municipal Court. On Dec. 20, 2001, a jury found appellant guilty of drug abuse, in violation of Mentor City Ordinance 139.01. The trial court sentenced appellant to thirty days in the Lake County Jail, placed him on probation, and assessed a maximum fine of $250. For the following reasons, we affirm the decision of the trial court in this matter.
 {¶ 2} On July 23, 2001, appellant was a front seat passenger in a car owned and driven by John Williams ("Williams"). On that day, the vehicle containing Williams, appellant, and at least one other back seat passenger, was stopped by the Mentor Police for having an unusually loud muffler, a violation of the Mentor Noise Ordinance. While running Williams' license plate number, the officer became aware of an outstanding warrant for Williams' arrest issued by the Kirtland Police Department. After verifying the warrant was still valid, the officer took Williams into custody.
 {¶ 3} Subsequently, the officer decided to tow Williams' car. Prior to towing the vehicle, and in accordance with routine police procedure, the officer conducted an inventory search of the vehicle. See,State v. Mesa, 87 Ohio St.3d 105, 1999-Ohio-253; State v. Peagler,76 Ohio St.3d 496, 1996-Ohio-73. As he commenced his search, the officer asked appellant to exit the vehicle via the passenger door. As appellant opened the passenger door, the officer noticed two plastic bags of green plant material wedged between the passenger's seat and the door. The green plant material was later proven to be marijuana. As he continued his inventory search, the officer discovered a third bag of marijuana shoved under the front passenger seat. Subsequently, appellant was placed under arrest and charged with drug abuse, a violation of Mentor City Ordinance139.01. A jury convicted appellant of drug abuse on Dec. 20, 2001. This timely appeal followed, and appellant asserts two assignments of error for our review.
 {¶ 4} "[1]. The trial court erred to the prejudice of the defendant-appellant in denying the motion for acquittal made pursuant to Crim.R. 29(A).
 {¶ 5} "[2.] The trial court erred to the prejudice of defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence."
 {¶ 6} In his first assignment of error, appellant argues that the City failed to provide sufficient evidence proving he was conscious of the presence of marijuana located under and beside the passenger's seat of the vehicle.
 {¶ 7} To determine if there is sufficient evidence, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Statev. Jenks (1991), 61 Ohio St.3d 271, paragraph two of the syllabus.
 {¶ 8} Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession. State v. Hankerson
(1982), 70 Ohio St.2d 87. The State may prove dominion and control solely through circumstantial evidence. State v. Trembly (2000),137 Ohio App.3d 134, 141. "Circumstantial evidence that the defendant was located in very close proximity to readily usable drugs may showconstructive possession." Id. The definition of knowingly is contained in R.C. 2901.22(B), which provides that "a person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." A defendant, therefore, acts knowingly, when, although not intending the result, he or she is nevertheless aware that the result will probably occur. State v.Edwards (1992), 83 Ohio App.3d 357, 361.
 {¶ 9} Mentor City Ordinance 139.01 states in pertinent part: "No person shall knowingly obtain, possess, or use a controlled substance." Appellant argues that the City failed to show appellant "knowingly" possessed marijuana in violation of the City ordinance. At trial, the trial court gave the following jury instruction with regards to the definition of the word "knowingly": "A person acts knowingly regardless of his purpose when he is aware that his conduct or knowledge will be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist. Hence, you cannot look into the mind of another. Knowledge is to be determined from all the facts and circumstances in evidence. You will determine from these facts and circumstances whether or not there existed at the time in the mind of the Defendant aware (sic) of the probability that he was in possession of marijuana." Transcript, pg. 43-44. We hold that the trial court's instruction was properly derived from the Ohio Jury Instructions on Specific Criminal Cases. See, 4 OJI 409.11.
 {¶ 10} At trial, the arresting officer testified that as appellant opened the passenger door, the officer immediately observed two plastic bags of green plant material. The officer then conducted a field test on the material and found it to be marijuana. Appellant does not dispute the fact that the plant material found was marijuana. The officer further testified that the bags were "between the front passenger's seat and the door wedged down there in such a way that only the front passenger would have access to sliding them under there." Transcript, pgs. 15-16. As he continued his inventory search, the officer looked under the passenger's seat where appellant had been sitting and discovered a third bag of marijuana "within easy access of" appellant. The record indicates appellant presented no evidence at trial to rebut the officer's testimony.
 {¶ 11} Based upon the testimony of the officer, and the accuracy of the jury instruction given by the trial court, we hold that reasonable minds could have found the essential elements of the crime proven beyond a reasonable doubt. Therefore, appellant's first assignment of error is not well taken and without merit.
 {¶ 12} Appellant argues in his second assignment of error that the guilty verdict was against the manifest weight of the evidence presented by appellee.
 {¶ 13} "In reviewing a manifest weight of the evidence claim, the appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52; State v. Swank (Dec. 21, 2001), 11th Dist. No. 98-L-049, 2001 Ohio App. LEXIS 5846. The discretionary power to grant a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 14} Appellant again argues that appellee failed to present evidence proving he was conscious of the marijuana in the vehicle. As previously discussed, appellant does not dispute the fact that the plant material was marijuana; nor does appellant contest the fact that he had the ability to exert dominion and control over the marijuana. We have already held that the evidence presented was sufficient to convict appellant of drug abuse. Appellant also failed to offer any evidence to rebut the testimony of the arresting officer. Furthermore, beyond recycling his sufficiency arguments, appellant fails to contest the believability of the evidence in this case. The evidence in this case does not weigh heavily against appellant's conviction. Based upon the testimony of the arresting officer and the trial court's well-defined jury instructions, we cannot say that the jury clearly lost its way in convicting appellant of knowingly possessing marijuana. Appellant's second assignment of error is not well taken and without merit.
 {¶ 15} For the foregoing reasons, we find appellant's first and second assignments of error not well taken and without merit. The judgment of the Mentor Municipal Court is hereby affirmed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD., J., concur.