[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} Defendant, Edilson R. Cartagena, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of felonious assault. The facts of the case are as follows.
 {¶ 2} After midnight, during the early morning hours of April 8, 2001, defendant, Edilson R. Cartagena, arrived at the home of Erika and Sonya Hernandez. The defendant, who is the estranged father of Erika's two children, had been drinking. At trial, Sonya testified that defendant came to their home and wanted to speak with Erika. Sonya explained that Erika was at work and asked defendant to leave because he had been drinking beer and appeared to be under the influence. Instead of departing, defendant returned to his vehicle and continued to drink for approximately two more hours.
 {¶ 3} According to the testimony of both Erika and Sonya, Erika arrived home at approximately 3 a.m. that morning. After she parked her vehicle and began walking to her home, defendant approached, grabbed Erika placing her hands behind her back, and forced her back into her vehicle while Sonya watched from a window. At that point the two began to fight, and defendant struck her with his fist. Erika clearly wanted to escape, while defendant detained her. When defendant returned to his truck to get another bottle of beer, Erika attempted to leave and get to a place of safety in her home. Defendant pursued and threw the bottle he had retrieved toward Erika's head. According to Sonya, the bottle struck Erika in the head and shattered, causing Erika to lose consciousness and fall to the ground face first. Seeing the second attack, Sonya called the police and went to her sister's aid. At trial, Sonya identified pictures of the shattered bottle which had been taken the next morning. At trial, both Sonya and Erika testified that the next morning they located the bottle, which was laying in the grass within a short distance of where Erika fell.
 {¶ 4} Erika testified at trial that she saw defendant approach as she exited her vehicle. Defendant asked to speak to her, which she initially refused to do. However, fearing he would become violent, she eventually agreed to speak with him for approximately five minutes. During the conversation, Erika testified that defendant became angry, did not want her to leave, and began assaulting her as she attempted to flee to the safety of her home. He first pushed her to the ground and began yelling her name, in addition to yelling that "if you are not going to be mine then you're not going to [be] no one else's." (Tr. 160, 162.) Then, as she came back to her feet, defendant, after retrieving a glass beer bottle, threw it toward her head from a few steps away. Erika testified that, as she turned, she briefly saw the bottle, but then lost consciousness. She testified that the first thing she remembers after that point in time is awakening in an ambulance being transported to the emergency room at Mount Carmel Hospital. Both Sonya and Erika testified that the wound inflicted by the bottle in the area of her left temple was severe, caused a great deal of bleeding, required numerous stitches and follow-up care, and is the cause of a great deal of ongoing pain.
 {¶ 5} At trial, Columbus Patrol Officer, Amy Welsh, testified that she was dispatched to Erika and Sonya's home that evening. Upon arrival, she observed Erika laying unconscious in the grass. Her head was very bloody. According to Officer Welsh, Erika did not regain consciousness at the scene. Officer Welsh also considered this to be a serious injury.
 {¶ 6} Columbus Paramedic, Christopher Kincaid, also testified at trial regarding his activities after being dispatched to the scene of the assault. Paramedic Kincaid stated that Erika was partially conscious when he began his evaluation, that she had a considerable amount of bleeding, and that she had a substantial head wound.
 {¶ 7} Defendant raises the following two assignments of error:
 {¶ 8} "[1.] The trial court erred when it entered judgment against the defendant when the evidence was insufficient to sustain a conviction and was not supported by the manifest weight of the evidence."
 {¶ 9} "[2.] The trial court erred when it refused to give an instruction on simple or misdemeanor assault when said was warranted and requested in a timely fashion."
 {¶ 10} In his first assignment of error, defendant argues that his conviction is not supported by legally sufficient evidence, or, in the alternative, that it stands against the manifest weight of the evidence.
 {¶ 11} Sufficient evidence is evidence which is legally sufficient to support a verdict. In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court explained:
 {¶ 12} "With respect to sufficiency of the evidence, `sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. * * * In essence, sufficiency is a test of adequacy. * * *" Id. at 386.
 {¶ 13} When reviewing a conviction challenged on the basis of the sufficiency of the evidence, the evidence must be construed in a light most favorable to the prosecution, and the reviewing court must determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387. Stated alternatively, the verdict of the trial court will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact.
 {¶ 14} However, the test for evaluating whether a conviction stands against the manifest weight of the evidence is different. In Thompkins, the court explained:
 {¶ 15} "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. * * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'" (Emphasis sic.) Id. at 387.
 {¶ 16} The question of sufficiency of the evidence presents purely a legal question regarding the adequacy of the evidence. As noted, four witnesses were called during defendant's trial. Sonya, an eyewitness, testified that defendant came to her home drunk and looking for Erika. When she asked him to leave, he went to his car and continued to drink for approximately two hours until Erika arrived home. Through the window, she observed Erika park her car, and defendant approach. She also witnessed defendant force Erika's hands behind her back, punch Erika with his fists, and throw a glass beer bottle which struck Erika and shattered just above her left temple. She further testified that she saw Erika fall to the ground unconscious, and that she found the shattered bottle in the grass the next day.
 {¶ 17} As set forth above, Erika also testified at trial that defendant intimidated her into speaking to him and forcefully detained her when she attempted to terminate their conversation and retreat to the safety of her home; first punching her with his fists, and then verbally yelling that if she would not be his, she would be no one's. She also testified that she remembers defendant throwing a bottle at her from close range just before she lost consciousness. Regarding her injuries, Erika testified that she lost consciousness at the scene, that her wound bled considerably, that it required numerous sutures, and that it caused a considerable amount of acute pain and suffering. She also testified that the wound has left her with a permanent scar which is sensitive to the touch, and that she now suffers from recurring headaches.
 {¶ 18} Finally, Officer Welsh and Paramedic Kincaid both testified that Erika suffered a serious injury which required immediate medical treatment.
 {¶ 19} A defendant may be found guilty of felonious assault as follows. R.C. 2903.11(A)(1) provides that: "No person shall knowingly cause serious physical harm to another or to another's unborn." Further, R.C. 2903.11(A)(2) provides that: "No person shall knowingly * * * cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance," as defined in section2923.11 of the Revised Code.
 {¶ 20} R.C. 2901.01(A)(5) defines serious physical harm as any of the following:
 {¶ 21} "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 {¶ 22} "(b) Any physical harm that carries a substantial risk of death;
 {¶ 23} "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 {¶ 24} "(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 {¶ 25} "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 {¶ 26} Viewing this evidence in a light most favorable to the prosecution, we conclude that the evidence and testimony relied upon by the jury to convict defendant of felonious assault was legally sufficient. We also conclude that there is sufficient competent, credible evidence to permit reasonable minds to find defendant guilty beyond a reasonable doubt. The trier of fact, the jury, was in the best position to observe the evidence presented, the witnesses' testimony, including their demeanor, voice inflection, and mannerisms, in order to determine the credibility of each witness.
 {¶ 27} The evidence supported a finding that Erika had suffered a substantial temporary injury in that she had a bottle shattered above her left temple, lost consciousness, and suffered a serious laceration which required several sutures to close. Indeed, Erika has no recollection of Officer Welsh who first arrived at the scene and attended to her injuries. The evidence also supports a finding that Erika has long-lasting if not permanent injuries as a result of this assault, as she testified that she has a painful raised scar and now suffers headaches. We also find that the evidence in this case supports a finding that the glass beer bottle, as used by defendant in this case, was an instrument capable of inflicting death. Accordingly, defendant's first assignment of error is overruled.
 {¶ 28} In his second assignment of error, defendant argues that the trial court erred when it declined to grant defendant's request to instruct the jury on the lesser included offense of simple or misdemeanor assault.
 {¶ 29} The decision to give or refuse to give a jury instruction is entrusted to the considered discretion of the trial court and will not be overturned on appeal unless the record affirmatively demonstrates that the trial court abused its discretion. State v. Wolons (1989),44 Ohio St.3d 64. An instruction on a lesser included offense is required "only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v. Thomas (1988), 40 Ohio St.3d 213. Accord State v. Sheppard (1998), 84 Ohio St.3d 230, 236; State v. Shane (1992),63 Ohio St.3d 630, 632.
 {¶ 30} Simple assault occurs where one knowingly causes or attempts to cause physical harm or recklessly causes another serious physical harm. A lesser included offense of felonious assault, simple assault, is typically a misdemeanor of the first degree.
 {¶ 31} In the instant case, the trial court would have been obliged to instruct the jury on the offense of simple or misdemeanor assault had there been evidence either disputing the extent of Erika's injuries, or demonstrating that the seriousness of her injuries was due to defendant's reckless conduct. See R.C. 2903.11(A)(1) and 2903.13(A) and (B).
 {¶ 32} We find that there was no evidence presented in this case to support either scenario. First, there is no credible dispute as to the serious nature of Erika's injuries. For example, in State v. Edwards (1992), 83 Ohio App.3d 357, the victim sustained a two-centimeter cut above an eyebrow that required a few stitches. The court in that case held that such an injury was serious under R.C. 2901.01(E)(4). Nor was there sufficient evidence submitted that Erika's attack and resulting injuries were the product of defendant's reckless act, rather than knowing or intentional conduct. In order to be convicted of felonious assault, a defendant must act "knowingly." R.C. 2901.22(B) provides that "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." In contrast, under R.C. 2901.22(C), a defendant acts in a "reckless" fashion when he is aware that there is a risk or chance that the prescribed result may occur, but he nevertheless chooses to engage in the act and decides to run the risk. State v. Easley (June 20, 2000), Franklin App. No. 99AP-703, citing Edwards, supra, at 361.
 {¶ 33} The record establishes that when defendant repeatedly struck Erika with his fists, he certainly knew he would cause physical damage. He also most certainly knew that he would cause serious physical damage when he threw a glass bottle at his victim's head from only a few steps distance. What occurred here was not the result of a poor risk assessment. Under the circumstances, a simple, misdemeanor assault instruction was not warranted. Therefore, defendant's second assignment of error is also overruled.
 {¶ 34} Having carefully reviewed the transcript of defendant's trial, we are unable to find that defendant's conviction is either supported by insufficient evidence, or that it stands against the manifest weight of the evidence. We readily conclude that there was competent, credible evidence and testimony presented from which reasonable minds could find the defendant guilty of felonious assault beyond a reasonable doubt. We also are unable to find that the trial court abused its discretion when it refused the defendant's request to instruct the jury on simple assault.
 {¶ 35} For the foregoing reasons, both of defendant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN, J., concurs.