[Cite as *State v. Mpanurwa*, 2017-Ohio-8911.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee/Cross-Appellant* | : | Appellate Case No. 27357 |
| | : | |
| | : | Trial Court Case No. 2013-CR-2542 |
| v. | : | |
| | : | (Criminal Appeal from |
| JEAN PAUL MPANURWA | : | Common Pleas Court) |
| | : | |
| *Defendant-Appellant/Cross-Appellee* | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of December, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
 Attorney for Plaintiff-Appellee/Cross-Appellant

DANIEL F. GETTY, Atty. Reg. No. 0074341, 46 East Franklin Street, Centerville, Ohio 45459
 Attorney for Defendant-Appellant/Cross-Appellee

. . . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Defendant-appellant Jean Paul Mpanurwa appeals from his conviction and sentence for rape, kidnapping and felonious assault. He contends that the conviction for felonious assault must be reversed as the State did not present sufficient evidence to support the conviction. He further contends that the trial court erred by failing to merge the convictions for rape and felonious assault. The State cross-appeals contending that the trial court erred by merging the kidnapping and rape convictions.

**{¶ 2}** We conclude that the record demonstrates evidence sufficient to sustain the conviction for felonious assault. We further conclude that the trial court did not err in sentencing. Accordingly, the judgment of the trial court is affirmed.

## I. Facts and Procedural History

**{¶ 3}** On July 14, 2013 the victim, "B", was walking near her home as part of her daily routine. She walked along the Creekside Trail bicycle path and crossed over to Radio Road when Mpanurwa approached.[1] Mpanurwa grabbed B by the left forearm and forced her off the road into a grassy area. B attempted to resist and yelled loudly, but Mpanurwa pushed her down to the ground. He then dragged her, by her legs, toward an area with high grass.[2] Mpanurwa removed B's pants and underwear and then engaged in intercourse. After he ejaculated, he got up, pulled up his pants, ran away toward Smithville Road. B was able to return to her home where she telephoned her son

---

[1] B was 90 years old at the time and walked with the aid of a cane.

[2] A review of the record demonstrates that, at most, B was moved a total of 10 to 15 feet.

for help.

{¶ 4} B was ultimately transported to the hospital for treatment. A rape kit examination was performed during which the nurse took a swab from B's vagina for DNA analysis. The DNA sample was sent to the Miami Valley Regional Crime Laboratory. The nurse observed bruising, tearing, lacerations and abrasions of the vaginal area, as well as bruising along B's thigh. B reported pain in her left wrist. Bruising was observed on the forearm where Mpanurwa had grabbed her. Ten days later, B went to her family doctor because the wrist pain had not subsided. She was sent for x-rays which revealed a fracture of the distal radius in the wrist area.[3]

{¶ 5} Following an investigation, Mpanurwa was identified as a suspect, and police obtained a DNA sample from him. Mpanurwa's DNA standard was found to be a match to the DNA obtained during the rape examination. Mpanurwa was indicted on one count of rape in violation of R.C. 2907.02(A)(2), one count of felonious assault in violation of R.C. 2903.11(A)(1) and one count of kidnapping in violation of R.C. 2905.01(A)(2). Following a bench trial, he was convicted of all three charges. The trial court, over objection by the State, merged the rape and kidnapping convictions. The State elected to proceed on the rape conviction and the trial court sentenced Mpanurwa to a prison term of 11 years on that offense. The trial court denied Mpanurwa's request to merge the rape and felonious assault convictions. The court then sentenced Mpanurwa to a prison term of two years for felonious assault and ordered the sentences to run

---

[3] According to the record, B suffers from osteoporosis which is a "weakness of the bones." Tr. p. 170. It is defined as "a condition that is characterized by decrease in bone mass * * * producing porosity and fragility." *Webster's Ninth New Collegiate Dictionary*, 835 (1988).

consecutively for an aggregate term of 13 years. Mpanurwa was designated a Tier III sex offender.

{¶ 6} Mpanurwa filed a timely appeal, and the State filed a cross-appeal.

## II. Sufficiency of the Evidence

{¶ 7} Mpanurwa's second assignment of error states as follows:

THE TRIAL COURT ERRED BY CONVICTING DEFENDANT FOR FELONIOUS ASSAULT.

{¶ 8} Mpanurwa contends that the conviction for felonious assault must be reversed as the State failed to present evidence sufficient to prove that he acted knowingly when he caused physical harm to B.

{¶ 9} "A sufficiency-of-the-evidence argument challenges whether the state has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law." *State v. Cherry*, 171 Ohio App.3d 375, 2007–Ohio–2133, 870 N.E.2d 808, ¶ 9 (2d Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). "The proper test to apply to the inquiry is the one set forth in paragraph two of the syllabus of *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991): 'An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable

doubt.' " *Cherry* at ¶ 9.

**{¶ 10}** Mpanurwa was convicted of felonious assault in violation of R.C. 2903.11(A)(1) which provides that "[n]o person shall knowingly * * * cause serious physical harm to another * * *." The Revised Code defines serious physical harm as "[a]ny physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity[, a]ny physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement[, or a]ny physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." R.C. 2901.01(A)(5)(c)-(e).

**{¶ 11}** "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). "Additionally, a defendant acts knowingly, when, although not intending the result, he or she is nevertheless aware that the result will probably occur." *State v. Anderson*, 10th Dist. Franklin No. 10AP–302, 2010–Ohio–5561, ¶ 13, citing *State v. Edwards*, 83 Ohio App.3d 357, 361, 614 N.E.2d 1123 (10th Dist. 1992). Thus, "felonious assault under R.C. 2903.11(A), combined with the definition of 'knowingly' found in R.C. 2901.22(B), does not require that a defendant intend to cause 'serious physical harm,' but that the defendant acts with an awareness that the conduct probably will cause such harm." *Id.*; *State v. Gray*, 2d Dist. Montgomery No. 26139, 2016-Ohio-1419, ¶ 41.

**{¶ 12}** The record supports a finding that B is a 90 year old woman of very slight

frame, she suffers from osteoporosis, and walks with the aid of a cane. The record also supports a finding that Mpanurwa grabbed B by her forearm, near the wrist, and pulled her off the roadway. There is credible evidence that, at the hospital, B complained of pain in that same area and that bruising was observed.[4] There is also credible evidence that B continued to suffer pain in that area where a fracture was ultimately found. The record finally supports a finding that B had no bruising or pain in this area prior to the offense.

{¶ 13} While it may not have been Mpanurwa's intent to break a bone, a reasonable finder of fact could conclude from this record that he did grab an elderly woman with enough force to drag her off the roadway and to, thereby, cause serious bruising and a fracture to the bone. In our view, based upon the specific facts of this case – i.e., the disparity in the sizes of B and Mpanurwa, B's physical frailty, age and her use of a cane − an ordinary person would be aware that the act of grabbing and pulling such a person would probably result in some injury to that person. Thus we conclude that the State did present evidence sufficient to support the conviction for felonious assault.

{¶ 14} The second assignment of error is overruled.

### III. Felonious Assault/Rape Merger

{¶ 15} Mpanurwa's first assignment of error states:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO MERGE THE FELONIOUS ASSAULT CHARGE WITH THE RAPE

---

[4] A photograph of that bruising was submitted into evidence.

CHARGE.

{¶ 16} Mpanurwa contends that the conviction for felonious assault should have merged with the rape conviction for purposes of sentencing. In support, he argues that his only motivation during the encounter was rape, and that he did not intend to break B's arm. He further argues that the offenses were committed as one single, fluid act.

{¶ 17} A trial court's decision regarding merger of convictions for the purposes of sentencing are reviewed under a de novo standard. *State v. Williams*, 134 Ohio St.3d 482, 2012–Ohio–5699, 983 N.E.2d 1245, ¶ 1. Section 10, Article I of the Ohio Constitution prohibits multiple punishments for the same offense. This prohibition is codified in R.C. 2941.25, which states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 18} Two or more offenses may result in multiple convictions if any of the following is true: "(1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation." *State*

*v. Ruff*, 143 Ohio St.3d 114, 2015–Ohio–995, 34 N.E.3d 892, ¶ 25. This analysis is dependent upon the facts of each case because R.C. 2941.25 focuses on the defendant's conduct. *Id.* at ¶ 26.

{¶ 19} In this case, there is evidence that Mpanurwa grabbed B by her left forearm, dragged her off the roadway, and then shoved her to the ground. At that point, the felonious assault was complete. Mpanurwa could have walked away from B and ended the contact at that point. Further, while the felonious assault was committed for the purpose of facilitating the rape, the physical injury caused by the felonious assault was separate and distinct from the harm caused by the rape. In other words, the broken arm/wrist is a separate and distinct harm from the tears, lacerations and bruising to the vaginal area caused by the act of intercourse underlying the rape offense.

{¶ 20} We conclude that the trial court did not err by denying Mpanurwa's request to merge the offenses of felonious assault and rape. The first assignment of error is overruled.

### IV. Kidnapping/Rape Merger

{¶ 21} The State's sole assignment of error on cross-appeal provides:

THE TRIAL COURT ERRED BY MERGING THE CONVICTIONS FOR RAPE AND KIDNAPPING.[5]

{¶ 22} This issue was recently addressed in *State v. Asadi-Ousley*, 2017-Ohio-7252, __ N.E.3d __, wherein the Eighth District Court of Appeals stated:

---

[5] The State failed to present a statement of its assignment of error as required by App.R. 16(A)(3). Therefore, we have stated an assignment of error that accords with the State's argument.

With respect to the offenses of rape and kidnapping, the Supreme Court of Ohio has acknowledged that "implicit within every forcible rape * * * is a kidnapping" because the victim's liberty is restrained during the act of forcible rape. *State v. Logan*, 60 Ohio St.2d 126, 130, 397 N.E.2d 1345 (1979). In *Logan*, the court provided the following guidelines for determining whether kidnapping and another offense are allied offenses that should merge prior to sentencing, stating:

(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.

*Id.* at syllabus.

Applying these guidelines, the Ohio Supreme Court held in *Logan*, that the offender's conduct in forcing the victim into an alley before raping her at knife point was committed without a separate animus. The court found that the movement was slight, the detention brief, and the victim was

released immediately after the commission of the underlying crime, compelling the court's conclusion that the kidnapping was incidental to the rape. *Id.* at 135.

Although *Logan* predates [*State v.*] *Ruff* [143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892], Ohio courts continue to apply the guidelines set forth in *Logan* in determining whether kidnapping and another offense were committed with a separate animus, in accordance with the third prong of the *Ruff* test. *State v. Armengau*, 10th Dist. Franklin No. 14AP–679, 2017–Ohio–4452, ¶ 125, citing *State v. D.E.M.*, 10th Dist. Franklin No. 15AP–589, 2016–Ohio–5638, ¶ 143; *State v. Williams*, 7th Dist. Mahoning No. 13 MA 125, 2015–Ohio–4100, ¶ 18; *State v. Stinnett*, 5th Dist. Fairfield No. 15–CA–24, 2016–Ohio–2711, ¶ 53.[6]

*Id.* at ¶ 45-47.

{¶ 23} B's testimony indicates that Mpanurwa pulled her off the road, knocked her down and dragged her a few feet. She indicated that he only moved her a few feet. He then pulled down her pants and underwear and engaged in intercourse that lasted less than a minute. He then immediately got up, pulled up his pants and ran off.

{¶ 24} This testimony supports a finding that the restraint and movement of B had no significance apart from facilitating the rape. The restraint was brief, the movement was slight, there was no secretive confinement (the area was open and observable), and B was immediately released after the commission of the rape. Thus, the trial court did

---

[6] The State, during oral argument, indicated its belief that *State v. Ruff* did not overrule *State v. Logan.*

not err in concluding that the rape and kidnapping counts were allied offenses of similar import, and, thus, subject to merger.

{¶ 25} The State's sole assignment of error is overruled.

## V. Conclusion

{¶ 26} Both of Mpanurwa's assignments of error being overruled, and the State's assignment of error on cross-appeal being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, P.J. and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Daniel F. Getty
Hon. Steven K. Dankof