[Cite as *State v. Carter*, 2019-Ohio-2046.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                  Court of Appeals Nos. L-18-1037

      Appellee                           Trial Court Nos.  CR0201702134

v.

Marcus Carter                              **DECISION AND JUDGMENT**

      Appellant                          Decided:  May 24, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Dan M. Weiss, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} Appellant, Marcus Carter, appeals the judgment of the Lucas County Court

of Common Pleas, convicting him, following a plea of no contest, of one count of

felonious assault in violation of R.C. 2903.11(A)(1) and (D), a felony of the second

degree.  For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On July 5, 2017, the Lucas County Grand Jury indicted appellant on one count of felonious assault in violation of R.C. 2903.11(A)(1) and (D), a felony of the second degree. Appellant entered an initial plea of not guilty, and the matter progressed through several pretrial hearings.

{¶ 3} On December 12, 2017, appellant withdrew his not guilty plea, and entered a plea of no contest to the charge in the indictment. In exchange, the state agreed to recommend a cap of five years on any prison sentence. Prior to accepting the plea agreement, appellant was permitted to have an ex parte discussion with the trial court, and additional time to discuss the matter with his attorney.

{¶ 4} Thereafter, the trial court engaged in a detailed Crim.R. 11 plea colloquy with appellant. After the court conveyed the range of penalties that appellant was facing, the following exchange occurred:

> THE COURT: And we have discussed this as well, but the case --
> the state's recommendation in this case is that any sentence not exceed 5
> years in prison. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And that is the -- so they are recommending a cap of
> 5 years. And am I correct, Ms. Facey, that the state is asking for a prison
> term in this case?
>
> MS. FACEY: We will be, Your Honor, yes.

2.

THE COURT: Okay. Thank you, Ms. Facey. Do you understand that, Mr. Carter?

THE DEFENDANT: I was understanding that they're not asking -- that there's no more than 5 years should be my sentence, but now I understand that I can get from 0 to 2 to 8 and you don't have to agree to the 5-year cap, you can go over it, but I didn't know they was asking for time. I thought they was just basically capping it off and I was going to apologize for not taking it, I just thought they was just saying 5 years but --

THE COURT: Okay. I understand your confusion on this.

THE DEFENDANT: Now I'm facing prison time again or I was.

THE COURT: Mr. Carter, I understand your confusion on this because this is confusing when the state is recommending that cap it seems like that's a pretty hard cap and that is what their recommendation is. But now I'm explaining to you the entirety of what you're facing in terms of a penalty which can range anywhere from community control, because it's not mandatory, to that 8 years. So do you want to ask your attorney some follow-up questions to make sure you understand the parameters of this?

THE DEFENDANT: I already took the plea, I'm going to just now I know they are asking for prison and just now I fully understand.

THE COURT: Okay. Do you want to ask Mr. Rost any questions or you feel like you're kind of just understanding the entirety of this now?

THE DEFENDANT: Yes.

THE COURT: Okay. Do you have any questions of the court, Mr. Carter? No. You're shaking your head no.

THE DEFENDANT: No.

THE COURT: Okay. Would you like to proceed with the rest of this hearing?

THE DEFENDANT: Yes.

{¶ 5} Following the colloquy, the trial court asked the state to provide the factual basis for the charge of felonious assault. The state responded:

Had this matter proceeded to trial the state would have proven beyond a reasonable doubt that Marcus Johnell Carter on or about the 24th day of June, 2017, in Lucas County, Ohio, did knowingly cause serious physical harm to another in violation of 2903.11(A)(1) and (D) of the Ohio Revised Code. More specifically on June 24th, 2017, the defendant was living with his girlfriend [J.B.] * * * in Toledo, Lucas County, Ohio.

On that date the two did have an argument over the phone. When [J.B.] returned home later that day the defendant was present with his 7 year old godson * * *. When [J.B.] entered the apartment, she went to put her items down in the kitchen, turned around, the defendant was there and immediately punched her in the face. He punched her several more times. She backed up and became cornered in the kitchen at which point the

4.

defendant continued punching her and started throwing kitchen items at her including several glass mugs that did break on the victim's body upon striking her, as well as a butcher block that contained several kitchen knives. When those knives became loose, the defendant did take two of the kitchen knives, held them to the victim's throat and threatened to kill her.

The victim was struck again by several of those items, one of them hit her square in the forehead causing a serious laceration to her head that did require seven stitches. After the assault took place the defendant saw that she was bleeding, said you're going to need stitches for that and soon after left the apartment. [J.B.] at that point called her mother frantic to be picked up as she had no car and no way of leaving the apartment on her own not knowing where the defendant was. Mom did arrive, saw her daughter bleeding from the head and took her to the University of Toledo Medical Center where she was treated for her injuries, again seven stitches to her forehead to repair that laceration. As well as she had x-rays on her arms and hands from where she was holding her hands up to protect herself from the objects flying at her. There was no broken bones in her hands or arms but some swelling that were noted in the medical records.

{¶ 6} The trial court then accepted appellant's plea of no contest, and found him guilty. At the sentencing hearing, the trial court ordered appellant to serve five years in prison.

5.

## II. Assignments of Error

**{¶ 7}** Appellant has timely appealed the trial court's January 30, 2019 judgment memorializing his conviction, and now raises two issues on appeal:[1]

1. The trial court erred when it found that the state of Ohio presented facts sufficient to meet the elements of felonious assault and appellant's case should be dismissed and double jeopardy should apply.

2. The trial court erred when it found appellant knowingly and voluntarily entered into the no contest plea.

## III. Analysis

**{¶ 8}** In his first assignment of error, appellant argues that the statement of facts presented by the state was insufficient to support the trial court's finding of guilt on the count of felonious assault. In particular, appellant argues that the state's recitation of facts did not demonstrate the element of "serious physical harm."

**{¶ 9}** R.C. 2903.11(A)(1) states, "No person shall knowingly * * *: (1) Cause serious physical harm to another or to another's unborn." "Serious physical harm" is defined in R.C. 2901.01(A)(5) as:

(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

(b) Any physical harm that carries a substantial risk of death;

---

[1] Appellant's brief puts forth "issues presented for review" rather than "assignments of error" as required by App.R. 16. We construe appellant's "issues presented for review" as the "assignments of error" we are required to rule upon pursuant to App.R. 12(A)(1)(b).

6.

(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;

(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;

(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.

{¶ 10} In his brief, appellant concedes that the victim was harmed, but he contends that the injuries inflicted did not rise to the level of serious physical harm because there was no permanent or substantial incapacity, permanent or substantial disfigurement, acute pain that resulted in substantial suffering, or any degree of prolonged or protracted pain. We disagree.

{¶ 11} In *State v. Lee*, 6th Dist. Lucas No. L-06-1384, 2008-Ohio-253, we recognized that "Ohio appellate courts have held that '[w]here injuries are serious enough to cause him or her to seek medical treatment, the finder of fact may reasonably infer that the force exerted on the victim caused serious physical harm as defined by R.C. 2901.01(A)(5).'" *Id.* at ¶ 30, quoting *State v. Lee*, 8th Dist. Cuyahoga No. 82326, 2003-Ohio-5640, ¶ 24. More specifically, Ohio courts have held that serious physical harm is present when the victim suffers cuts to the head that require stitches. *See State v. Powell*, 11th Dist. Lake No. 2007-L-187, 2009-Ohio-2822, ¶ 44-45 (serious physical harm where

7.

victim was struck on the back of the head with a beer glass, resulting in a sizeable gash that required eight stitches); *State v. Henricks*, 6th Dist. Wood No. WD-05-051, 2006-Ohio-6181, ¶ 34 (serious physical harm where victim was struck in the head with a frying pan, resulting in a two-and-one-half-centimeter cut that required staples to close the wound); *State v. Edwards*, 83 Ohio App.3d 357, 614 N.E.2d 1123 (10th Dist.1992) (serious physical harm where victim was repeatedly punched in the face, resulting in a two-centimeter cut above his right eyebrow, and the reopening of a one-centimeter scar on his forehead, which required a total of twenty-three stitches to close).

{¶ 12} Here, appellant punched the victim several times in the face and threw kitchen objects, including glass mugs and a knife block, at her. At least one of the objects hit the victim in the face, causing a laceration on her forehead that required seven stitches to close. We hold that these facts are sufficient to support the conclusion that appellant caused serious physical harm to the victim in that the harm consisted of temporary serious disfigurement under R.C. 2901.01(A)(5)(d) and acute pain of such duration as to result in substantial suffering under R.C. 2901.01(A)(5)(e).

{¶ 13} Accordingly, appellant's first assignment of error is not well-taken.

{¶ 14} In his second assignment of error, appellant argues that the trial court erred in accepting his plea of no contest because he did not fully understand the waiver of his rights and the nature of his plea. Appellant claims that his statement, "I already took the plea * * *" reflects that he was merely going forward and did not recognize that he could exercise other options in his defense.

8.

{¶ 15} "[U]nless a plea is knowingly, intelligently, and voluntarily made, it is invalid." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. To ensure that the plea is knowingly, intelligently, and voluntarily made, the trial court must engage in a colloquy as prescribed in Crim.R. 11. *Id.* at ¶ 26. Relevant here, Crim.R. 11(C)(2)(a) and (b) provide,

> (2) In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 16} "[I]f the trial judge imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies." *Clark* at ¶ 31. "Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of

9.

his plea and the rights he is waiving,' the plea may be upheld." *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 17} Here, the record indicates that the trial court properly and thoroughly notified appellant of the potential penalties involved, as well as the consequences of his plea of no contest. Furthermore, the record demonstrates that appellant subjectively understood the implications of his plea. After being informed that the state was recommending a prison sentence with a cap of five years, appellant affirmatively stated that he understood that his sentence could be zero years in prison or a term from two to eight years, and that the court did not have to agree to the five-year cap, but could go over it. Following further discussion, appellant then made the comment cited in his brief that "I already took the plea * * *." However, his full statement was, "I already took the plea, I'm going to just now I know they are asking for prison and just now I fully understand." Thus, appellant conveyed his understanding of the potential consequences resulting from his plea. Appellant then declined further opportunity to discuss the matter with his counsel, and expressed his desire to continue with the hearing. Therefore, we hold that appellant's plea was knowingly, voluntarily, and intelligently made.

{¶ 18} Accordingly, appellant's second assignment of error is not well-taken.

### IV. Conclusion

{¶ 19} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                              JUDGE
Thomas J. Osowik, J.

Gene A. Zmuda, J.                 _____
CONCUR.                                       JUDGE

                                 _____
                                              JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.