[Cite as *State v. Davis*, 2018-Ohio-1651.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2017-CA-45 |
| | : | |
| v. | : | Trial Court Case No. 2011-CR-261 |
| | : | |
| AKEEM DAVIS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of April, 2018.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio
    Attorney for Plaintiff-Appellee

DARRELL L. HECKMAN, Atty. Reg. No. 0002389, One Monument Square, Suite 200, Urbana, Ohio 43078
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Akeem Davis appeals from his conviction and sentence for kidnapping and rape. He contends that the trial court erred by failing to merge the convictions for purposes of sentencing. He further contends that the trial court abused its discretion by permitting the State to use his notice of alibi for the purpose of impeachment and by permitting the introduction of prior bad acts testimony. Finally, he claims that the trial court abused its discretion by permitting victim impact testimony during the guilt phase of the trial.

{¶ 2} We conclude that the trial court did not abuse its discretion by permitting the State to question Davis regarding his notice of alibi. The victim impact testimony, though improper, was harmless. We also conclude that Davis invited any error regarding the introduction of any prior bad act. Finally, we conclude that the trial court did err in sentencing as the convictions for rape and kidnapping should have been merged.

{¶ 3} Accordingly, the judgment of the trial court is reversed and remanded for resentencing. The judgment is affirmed in all other respects.

## I. Facts and Procedural History

{¶ 4} On April 25, 2011, Davis was indicted for the rape and kidnapping of twelve year old N.L. A warrant on the indictment was issued. Davis was arrested in Minnesota and returned to Ohio on April 29, 2011. Thereafter, defense counsel was appointed and discovery was conducted. Appointed counsel filed a notice of alibi on July 6, 2011. Davis was released from jail on his own recognizance on July 18, 2011. On August 2, 2011, Davis filed a motion to appoint a forensic expert witness for the defense. The

motion was sustained.

{¶ 5} On October 11, 2011, following Davis's failure to appear at a scheduled pre-trial conference, the trial court issued a capias for his arrest. Davis was arrested in November 2016 after being located in Indiana.

{¶ 6} A jury trial was conducted in April 2017 during which the following facts were adduced. L.P. was involved in an intimate relationship with Davis in 2011, but Davis did not live with her. L.P. was a friend of the victim's mother, T.W., and L.P.'s eldest child, L.P.2, was a friend of the victim.[1] On March 12, 2011, the two girls, L.P.2 and N.L., were left alone in the Springfield residence while their mothers went to a friend's home.

{¶ 7} At some point in the evening Davis came to the home, but the girls did not permit him to enter. When Davis returned later, he was permitted to enter the residence. Davis asked for a glass of water and then sat down on the couch. After drinking his water, Davis told L.P.2 that he wanted to play a game. He then proceeded to grab L.P.2 who pushed him away. The button and zipper on L.P.2's pants were broken during the encounter. Davis then grabbed N.L. by the arm and pulled her down the hallway into a bathroom. He shut and locked the door. He then removed N.L.'s pants and underwear and seated her upon the counter. Davis twice partially inserted his penis into N.L.'s vagina. After he pulled his penis out, N.L. observed "white stuff come out." Afterward, Davis told the victim not to tell anyone what had occurred. He then left the home. During the commission of the rape, L.P.2 was outside the bathroom, banging on the door and telling Davis not to hurt N.L. She then went to find a tool to unlock the door. When she returned, Davis was gone. N.L. was crying, and told L.P.2, "It hurts."

---

[1] For ease of reference, L.P.'s daughter will be referred to as L.P.2.

{¶ 8} The two girls then ran up the street to find their mothers. N.L. was hysterical, and told her mother that Davis had raped her. N.L. was ultimately transported to a hospital, where a sexual assault nurse examiner noted vaginal tenderness and redness. The nurse collected N.L.'s clothes and took swabs from her vagina and anal area. N.L. was shown a photographic array lineup, and, upon review, she identified Davis's photograph. The clothing and swabs were tested by the Ohio Bureau of Criminal Investigations as well as the Miami Valley Regional Crime Laboratory. A sperm cell was discovered on N.L.'s underwear with the DNA testing establishing that Davis' DNA is consistent with the sperm cell's DNA.

{¶ 9} The jury found Davis guilty on both charges. Thereafter, the trial court sentenced him to "life in prison with parole eligibility after ten years for rape and life in prison with parole eligibility after fifteen years for kidnapping." Dkt. 51. The trial court further ordered the two sentences to run consecutively to one another for a total of "two life sentences with parole eligibility after twenty-five years." *Id.* Davis appeals.

## II. Merger Analysis

{¶ 10} The first and second assignments of error asserted by Davis state:

THE EVIDENCE ON THE CHARGE OF KIDNAPPING WAS INSUFFICIENT AS A MATTER OF LAW TO ESTABLISH AN OFFENSE SEPARATE FROM RAPE.

THE CONVICTIONS FOR BOTH RAPE AND KIDNAPPING VIOLATE DEFENDANT'S RIGHT TO BE FREE FROM DOUBLE JEOPARDY.

{¶ 11} Davis contends that the rape and kidnapping counts are allied offenses that

should have been merged for purposes of sentencing. He further contends that the failure to merge the offenses subjected him to double jeopardy for the same offense.

{¶ 12} We first note that Davis did not ask the trial court to merge the convictions, nor did he object to the trial court's decision not to merge. Accordingly, we review his claims under a plain error standard. *State v. Setty*, 2d Dist. Clark No. 2017-CA-28, 2017-Ohio-9059, ¶ 16, citing *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. "Under this review, the trial court's judgment is not reversible 'unless [the error] affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice.' " *Id.*, quoting *Rogers* at ¶ 3.

{¶ 13} Davis was convicted of rape in violation of R.C. 2907.02(A)(1)(b). That statute proscribes engaging in sexual conduct with a person less than thirteen years of age, whether or not the offender knows the age of the other person. Sexual conduct is defined as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. 2907.01(A).

{¶ 14} Davis was also convicted of kidnapping in violation of R.C. 2905.01(A)(4) which prohibits a person from restraining another person, or removing another person from where they are found, for the purpose of engaging in sexual activity. Sexual activity is defined to include sexual conduct. R.C. 2907.01(C).

{¶ 15} "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution protect criminal defendants

against multiple prosecutions for the same offense." *State v. Brewer*, 121 Ohio St.3d 202, 2009–Ohio–593, 903 N.E.2d 284, ¶ 14. In Ohio, R.C. 2941.25 codifies the constitutional protections against double jeopardy. *State v. Ollison*, 2016-Ohio-8269, 78 N.E.3d 254, ¶ 33 (10th Dist.). According to R.C. 2941.25(A), "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." However, "[w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." R.C. 2941.25(B).

{¶ 16} In *State v. Ruff*, 143 Ohio St.3d 114, 2015–Ohio–995, 34 N.E.3d 892, the Ohio Supreme Court held that if a defendant's conduct supports multiple offenses, the defendant can be convicted of all of the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows the offenses were committed separately, or (3) the conduct shows the offenses were committed with separate animus. *Id.* at paragraph three of the syllabus, citing R.C. 2941.25(B). Two or more offenses are of dissimilar import within the meaning of R.C. 2941.25(B) "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus.

{¶ 17} The Ohio Supreme Court has acknowledged that "implicit within every forcible rape * * * is a kidnapping" because the victim's liberty is restrained during the act

of forcible rape. *State v. Logan*, 60 Ohio St.2d 126, 130, 397 N.E.2d 1345 (1979). Thus, the court provided the following guidelines for determining whether kidnapping and rape were committed with a separate animus:

(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.

*Id.* at syllabus.[2]

{¶ 18} Upon review of the evidence presented at trial, we find the offense of kidnapping was an offense of similar import to the rape offense. The kidnapping statute under which Davis was charged requires the purpose to engage in sexual activity. Sexual activity includes sexual conduct as proscribed within the rape statute under which Davis was charged. Thus, both statutes can be construed to prohibit the same conduct.

---

[2] "Although *Logan* predates *Ruff*, Ohio courts continue to apply the guidelines set forth in *Logan* to determine whether kidnapping and other offenses were committed with a separate animus, in accordance with the third prong of the *Ruff* test." *State v. Lundy*, 8th Dist. Cuyahoga No. 105117, 2017-Ohio-9155, ¶ 26. We recently accepted this conclusion in *State v. Mpanurwa*, 2017-Ohio-8911, ___N.E.3d___ (2d Dist.).

Further, the movement of N.L. from the couch to the bathroom was accomplished for the purpose of raping N.L., and it did not cause separate, identifiable harm. In addition, the distance between the couch and the bathroom is insignificant, and N.L.'s restraint lasted only for the duration of the rape. The restraint and confinement associated with the rape itself did occur behind a locked door, but, given L.P.'s presence outside the bathroom door, it cannot be said that N.L.'s confinement was secretive, nor can it be concluded that locking the bathroom door increased N.L.'s risk of harm associated with the rape. In short, the "restraint and movement of [N.L.] had no significance apart from facilitating the rape." *State v. Mpanurwa*, ¶ 24. Thus, we conclude that the record demonstrates plain error.

{¶ 19} Accordingly the first and second assignments of error are sustained.

### III. Consecutive Sentences

{¶ 20} Davis's third assignment of error states:

THE TRIAL COURT ERRED IN ORDERING CONSECUTIVE SENTENCES FOR RAPE AND KIDNAPPING.

{¶ 21} Davis contends that the trial court erred in ordering the sentences for the rape and kidnapping convictions to run consecutively to one another. Given our disposition of the merger issue in Part II, above, we conclude that this assignment of error has been rendered moot.

### IV. Alibi Testimony

{¶ 22} Davis's fourth assignment of error is as follows:

THE TRIAL COURT ERRED IN PERMITTING TESTIMONY ABOUT DEFENDANT'S ALIBI.

{¶ 23} Davis claims that the trial court acted unreasonably by permitting the State to use the filed and not withdrawn notice of alibi for impeachment purposes as the notice was submitted years before trial by previous trial counsel. We do not believe, on this record, that the trial court erred by allowing the State to cross-examine Davis regarding the notice of alibi he filed but did not pursue. However, if erroneous, the error was harmless.

{¶ 24} The fourth assignment of error is overruled.

## V. Victim Impact Testimony

{¶ 25} Davis's fifth assignment of error provides:

THE TRIAL COURT ERRED IN PERMITTING VICTIM IMPACT TESTIMONY DURING TRIAL.

{¶ 26} Davis claims the trial court erred by permitting victim-impact testimony during the guilt phase of his trial.

{¶ 27} As a general rule, "victim impact evidence is excluded because it is irrelevant and immaterial to the guilt or innocence of the accused; it principally serves to inflame the passion of the jury." *State v. Eisermann*, 8th Dist. Cuyahoga No. 100967, 2015–Ohio–591, ¶ 36. However, testimony depicting "*both* the circumstances surrounding the commission of the [offense] and also the impact of the [offense on the victim's family] may be admissible during both the guilt and the sentencing phases." *State v. Fautenberry*, 72 Ohio St.3d 435, 440, 650 N.E.2d 878 (1995).

{¶ 28} Davis specifically refers to the testimony of both N.L. and her mother regarding the impact of the rape upon N.L., including the fact that N.L. has been undergoing counseling since the rape. Both women also testified that N.L. began getting into trouble at school due to the trauma caused by the rape. They also testified that she had panic attack reactions whenever she smelled cologne similar to that worn by Davis at the time of the rape. Davis did not object to the complained of testimony. Thus, we are limited to a plain error review.

{¶ 29} After reviewing the record, we conclude that the testimony by N.L. and her mother did nothing to assist the trier-of-fact in determining Davis's guilt, and that the admission of such evidence was error as it did not relate to the circumstances of the offense. However, the testimony at issue is set forth on less than six pages of an over 500-page transcript, and the record contains overwhelming evidence of Davis's guilt. Thus, we find the error harmless.

{¶ 30} Accordingly, the fifth assignment of error is overruled.

## VI. Other Acts Testimony

{¶ 31} The sixth assignment of error set forth by Davis states:

THE TRIAL COURT ERRED IN PERMITTING OTHER ACTS TESTIMONY

{¶ 32} Davis argues that the trial court erred by permitting T.W. to testify that Davis and she had smoked marijuana together prior to the instant offense.

{¶ 33} The evidence to which Davis cites was not introduced by the State. Instead, T.W. made the statement about smoking marijuana with Davis during cross-examination by defense counsel. Specifically, when counsel asked T.W. whether she

and Davis had a romantic relationship, she replied that they "smoked weed together after I got off of work. That was about it." Tr. p. 132-133.

**{¶ 34}** Thus, any error was invited as it was elicited by defense counsel. The invited error doctrine prohibits a party who induces error in the trial court from taking advantage of such error on appeal. *State v. Lenoir*, 2d Dist. Montgomery No. 22239, 2008-Ohio-1984, ¶ 24. Defense counsel was, in this case, responsible for the error. Thus, we conclude this argument lacks merit.

**{¶ 35}** The sixth assignment of error is overruled.

### VII. Conclusion

**{¶ 36}** Davis's first and second assignments of error being sustained, the judgment of the trial court is reversed and remanded with instructions to merge the convictions for rape and kidnapping and to resentence Davis accordingly.[3] The judgment is affirmed in all other respects.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Andrew P. Pickering
Darrell L. Heckman
Hon. Douglas M. Rastatter

---

[3] Although not raised by Davis, and rendered moot by this decision, we note that the sentence imposed in this case does not comport with our holding in *State v. Duncan*, 2d Dist. Clark No. 2016-CA-77, 2017-Ohio-8103.